Nicholson, C. J.,
delivered the opinion of the Court.
The bill in this case is filed as a cross bill, in the case of Benjamin Johnson, executor of John Smith, deceased, filed in the Chancery Court at McMinnville, against Nancy Smith, widow of said John Smith, and his other legatees. The object of the original bill was to have a construction of the will of John Smith, deceased, and to have the advancements to the legatees collated, and the accounts' of the executor passed upon and settled. The bill was filed in 1858, and in August, 1866, the matters involved in the litigation were adjudicated and settled, by the confirmation of the Master’s report, by which it appeared that the executor was largely indebted to the *227 widow, Nancy Smith, and to others of the legatees. The amounts respectively due to the several legatees were ascertained, and by a decree rendered at the August Term, 1866, of the • Chancery Court at McMinnville, judgments were rendered against Benjamin Johnson, the executor, for the several amounts, and executions ordered to issue. This decree was final as to all matters involved in the cause. Nothing remained but to collect the several amounts of the judgments, and to accomplish this, executions were awarded.
Soon after the rendition of the final decree, the cross bill was filed in the Chancery Court at McMinnville, by Nancy Smith, and the other legatees of John Smith, in whose favor the judgments aforesaid were rendered, for the purpose of collecting the same. This is sought to be effected by assailing a decree made in the Chancery Court at Murfreesboro, in the case of Araminta Johnson v. Benjamin Johnson, rendered at its April Term, 1865. This was a decree for divorce and alimony, and for setting up a resulting trust in land; and the ground upon which it is attacked, is, that the Chancellor, after granting the divorce and setting up the trust, proceeded to decree a portion of Benjamin Johnson’s estate to his wife and children, for their support and maintenance; and it is alleged, that the decree so made was a nullity, because there was then pending in the' Chancery Court at Mc-Minnville the aforesaid suit against the said Benjamin Johnson, as executor, which was well known to the wife of said Benjamin- Johnson, she being a legatee of John Smith, and one of the parties to said suit at McMinn- *228 ville; and that, under sucb circumstances, tbe Chancellor at Murfreesboro had no legal power to assign as alimony to his wife, property to which his creditors had a superior claim.
When a divorce is granted, the Court is authorized to exercise a sound discretion in decreeing to the wife such part of the husband’s real and personal estate as may be deemed proper, according to the nature of the case and the circumstances of the parties. Code, § 2469. But if, in such case, the Court should be too liberal in giving alimony, the error can be corrected only by this Court. Such is the decision in the case of Robinson v. Robinson, 7 Hum., 440, in which case there were no creditors concerned.
It is not controverted that the claims of creditors of the husband, in existence before the granting of the divorce, are superior to the claims of the wife for support and maintenance, as held in the case of McGhee, v. McGhee, 2 Sneed, 221. But it does not follow that a decree for alimony would be null and void, if the amount allowed should be greater than might be consistent with the claims of creditors. Creditors are not generally parties to bills for divorce arid alimony, and for that, reason the provision made for the wife is necessarily made subject to the unknown claims of the husband’s creditors. Decrees, how, ever, when so made by a Court having acquired jurisdiction in pursuance of the statutes, are valid, and can not be held to be nullities, except upon proceedings regularly instituted by creditors for that purpose. But that a decree so rendered in one Chancery District can be reviewed *229 and reversed, and pronounced a - nullity by a Chancellor presiding in a different Chancery District, is a proposition too clearly 'erroneous to be countenanced.
The Chancellor at Murfreesboro had jurisdiction of the divorce case, and having found the facts such as to justify a decree of divorce in favor of the wife, his jurisdiction to decree alimony was complete. Upon examination of the decree, it appears that after making a provision for the wife and children, which' the Court deemed reasonable under the circumstances, the Chancellor appointed a Deceiver to collect a., large amount of assets belonging to the husband, who had absconded; and to hold the same for the benefit of his creditors, and to enable all creditors to become parties and to have their rights protected, the cause was held in court and the Receiver ordered to advertise for creditors to present their claims. Instead of availing themselves of the opportunity thus afforded them to bring forward their judgments into the Chancery Court at" Murfreesboro, and to contest the rights of the wife to the alimony decreed to her, they elect to file what they call a cross bill in a cause in which there had been a final decree, and by thus misnaming their bill, and engrafting it on a’ case already disposed of, jurisdiction is sought to be conferred on the Chancellor at McMinnville, to revise .and reverse a valid decree made by the Chancellor at Murfreesboro. The Chancellor at McMinnville assumed jurisdiction of the matter, declared the decree made at Murfreesboro a nullity, and ordered his .Clerk and Master to proceed to Murfreesboro and sell land, which, by the decree of the Chancellor at Murfreesboro, had been vested in the wife *230 of Benjamin Johnson, as her absolute property. In all which there was error: Deaderick v. Smith, 6 Hum., 138; for which the decree below is reversed and the bill dismissed, but without prejudice. The costs of this Court, and of the Court below, will be paid by the complainants.