VICTORIA TUGGLE *v.* SOUTHERN RY. CO.

(*Jackson.*   April   Term,   1918.)

1. **ADVERSE POSSESSION.** Husband and wife. Tacking Possession.

As a matter of law the wife cannot tack her adverse possession to the previous adverse possession of the husband, in order to complete the statutory period.   (*Post, pp.* 276, 277.)

Acts cited and construed: Acts 1819, ch. 28.

Case cited and approved: Kittel v. Steger, 121 Tenn., 409-412.

Code cited and construed: Sec. 4458 (T.-S.)

2. **ADVERSE POSSESSION.** Tacking. Right of possession.

The husband, on taking possession of land without title, could validly, by oral agreement, transfer possession to his wife, and her possession thereafter though they lived together, was available to her under her claim of adverse possession   (*Post, pp.* 276, 277.)

3. **EMINENT DOMAIN.** Remedy of owner. Injunction. Title.

One who had title by adverse possession could have injunction restraining a railroad from trespassing by entering and destroying her house without compensation.   (*Post. pp.* 277, 278.)

Cases cited and approved: Walker v. Fox, 85 Tenn., 154; Railway & Light Co. v. O'Fallon, 130 Tenn., 270.

4. **EMINENT DOMAIN.** Injunction bond. Remedy of owner.

Where adverse possessor sued to restrain railroad's trespass by destroying her house without compensation, and the injunction was dissolved, after indemnity bond was taken, whereupon the railroad destroyed the house, plaintiff was entitled to have her damages, either upon or independent of the bond.   (*Post. p.* 278.)

5. **EMINENT DOMAIN.** Remedy of owner. Injunction. Bond. Relief.

Where railroad, without proceeding for determining damages, entered on land of one holding by adverse possession and destroy-

ed her house, she could, after suit to restrain the trespass, in which an indemnity bond was given, recover, on reference for accounting on the bond, compensation under Thompson-Shannon Code, section 1866, as for entry without proceedings for condemnation. (*Post, pp.* 278, 279.)

6. **EMINENT DOMAIN.** Remedy of owner. Injunction. Bond. Life estate.

Where plaintiff, claiming land by adverse possession, sued to restrain trespass by railroad, which gave indemnity bond conditioned on plaintiff's proving title, plaintiff could recover, by reference for accounting on the bond, although she claimed no title, but only a life estate. (*Post, p.* 279.)

---

FROM SHELBY.

---

Appeal from the Chancery Court of Shelby County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court. —HON. F. H. HEISKELL, Chancellor.

T. E. BELL, for plaintiff.

CARUTHERS EWING and EARL KING, for defendant.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The complainant alleges in her bill that she had been in adverse possession of the house and lot in controversy for more than seven years at the time her bill was filed. During a part of this period she and her husband occupied it together, and it is insisted by the defendant that she could not tack her

possession to that of her husband, and without doing
this seven years could not be made out under the
evidence. It is true, as matter of law, that she
could not tack her possession to that of her husband,
but it appears that more than seven years before the
suit was brought he gave to his wife his interest in
the house and lot. He had just taken possession, and
all the right he had at that time was such possession;
but we are of the opinion that the evidence shows
that from that time forward she held for herself, and
we think that as matter of law she could do so by
such agreement between the two, even though the
agreement was only in parol. It was not at that time
such an interest in land as required to be transferred
in writing. It amounted only to a surrender of the
possession to his wife.

Starting the wife's possession from this surrender
made to her by the husband, it had continued for more
than seven years and adversely to all the world at the
time her bill was filed. She then acquired such right
as a possessor could acquire under the second sec-
tion of our Act of 1819 (chapter 28), as set out in
Thompson's Shannon's Code, section 4458; Code
of 1858, section 2765; *Kittel* v. *Steger*, 121 Tenn.,
409–412, 117 S. W., 500.

. After she had acquired the estate, it appears from
the bill and the evidence that the defendant entered
upon the premises and began to batter down the
house, when the bill was filed to enjoin the trespass.
The complainant had a right to protect her pos-

session by such bill. *Walker* v. *Fox,* 85 Tenn., 154, 2 S. W., 98; *Railway & Light Co.,* v. *O'Fallen,* 130 Tenn., 270, 273, 170 S. W., 55.

On application of the defendant, the chancellor subsequently dissolved the injunction, but required of the defendant an indemnifying bond, in a penalty of $1,000. Thereupon the defendant took possession and proceeded to incorporate the premises into its railway yards, thus appropriating the land to a public purpose.

On final hearing the chancellor dismissed the bill, and his judgment was affirmed in the court of civil appeals.

We think both courts were in error. On the facts we have stated, the complainant was entitled to a recovery, and the judgment must be reversed and the cause remanded, for a reference to assess damages under the bond. The damages may, of course, be assessed against the defendant, regardless of the bond, but for convenience the reference may take that form as well.

On this reference the case will be treated as one wherein a public service corporation has entered upon the land of another without having previously instituted proceedings in condemnation. Thompson's-Shannon's Code, section 1866. In valuing the complainant's property, it will be treated as a life estate, inasmuch as she could have remained there during her whole life, having acquired the right above

Tuggle v. Southern Ry. Co.

referred to under the second section of the acts of 1819.

It first occurred to us there might be some difficulty in ordering a reference on the bond, in view of some special language therein contained in respect of the complainant's proving title to the land. But the bond in this respect was narrower than the order of the court; still it contained other language broad enough to include a full compliance with the court's order. So that we are of the opinion that the recovery may be had on the bond, regardless of the irrelevant language used therein in respect of complainant's proving title. The complainant did not prove title at all, as that term is technically understood, nor did she assert title in her bill, but only the right which we have held she did acquire.

The defendant will pay all of the costs of this court, and of the two lower courts.