## R. C. GAYLOR v. W. R. GAYLOR, et al.

Eastern Section.    March 13, 1926.

No petition for Certiorari was filed.

1. **Adverse possession.    Under parol gift adverse possession not limited to actual enclosures.**
   · In an action to recover possession of fifteen-acre farm which cross-defendant claimed under parol gift and seven years' adverse possession held under Shannon's Code, section 4458, party was not limited to actual enclosures but has a possessory right or defense as to the entire tract.

2. Judgments. Defect in description of land in decree vesting title to land held not such as to invalidate judgment.

Where description of land in decree vesting title did not follow that in the bill but included the tract in question and land could be ascertained, held sufficient description.

3. Frauds. Statute of. Statute of frauds bars specific performance of oral contract to convey land.

In an action for specific performance of an oral contract to convey land a plea of the Statute of Frauds is a good defense.

4. Adverse possession. Adverse possession for statutory period does not give right to decree vesting title.

Adverse possession only bars the right of the owner to recover possession and does not give the party holding adversely the right to have title decreed in him.

Appeal from Chancery Court, Anderson County; Hon. Hal H. Portrum, Chancellor.

Reversed in part, affirmed in part.

J. H. Underwood, of Clinton, for R. C. Gaylor.

E. H. Powers, of Jacksboro, for W. R. Gaylor, et al.

THOMPSON, J.   On September 27, 1921, Riley C. Gaylor filed the bill in this cause against his father and mother, W. R. Gaylor and Martha Gaylor.   The allegations of the bill were, in substance, as follows:   That about eleven years ago the defendants agreed with complainant, and promised him that if he would live upon a fifteen-acre tract of land lying partly in Campbell county and partly in Anderson county (describing it) owned by them, clear and improve it, and erect on it a barn and dwelling house, etc., they would execute and deliver to him a deed conveying to him the said tract of land, together with the improvements thereon.   That acting upon said agreement and promise, complainant went onto said tract of land, dug a valuable well thereon, cleared and fenced a large portion of it, put it under cultivation, set out a fruit orchard, erected a barn and dwelling house, lived on the land, and was, and had been for eleven years, in open, continuous and adverse possession of it, claiming it as his own, and exercising exclusive dominion and control over it, and having a growing crop on it.

That from the time complainant first went into possession of the land until shortly before the filing of the bill, defendants continually promised to make him a deed, but that they had failed to do so, and in fact had recently refused to execute the deed and had denied that they had ever agreed to execute it.   That recently and on September 19, 1921, defendants had instituted against complainant an unlawful detainer suit before a justice of the peace of Campbell county, claiming that complainant was unlawfully detaining said tract of land from them, and that the case had been set for trial on October 1, 1921.   That this unlawful detainer suit was an effort

to dispossess him, gain possession of the land, greatly injure him, and if possible, defeat him in his right to retain the land or to recover a judgment for the value of the improvements he had placed on the land and have the same declared a lien thereon. That the justice of the peace of Campbell county had no jurisdiction of the unlawful detainer suit because complainant had been in continuous, adverse possession of the land more than three years next before the beginning of the suit, and because the deputy sheriff of Campbell county, who had executed the summons or warrant, had no authority to execute it on complainant in Anderson county. That the unlawful detainer suit was unjust and inequitable because complainant's rights in said land were of such an equitable nature that the justice of the peace had no jurisdiction to try and settle the same. That it would be wholly unjust and inequitable for complainant to be ousted of his possession by the proceeding before the justice of the peace, and that said suit should be enjoined and the defendants inhibited from further prosecuting it, to the end that all the rights of complainant in the land might be enforced in the chancery court.

The bill prayed for process requiring the defendants to answer; for an injunction restraining them from further prosecuting the unlawful detainer suit, and requiring them to litigate all matters growing out of the transaction before the chancery court; and for the following specific relief:

"That at the hearing the defendants be ordered and directed by this court to execute and deliver to the complainant a deed conveying to him the said tract of land according to their agreement; but that if this should be impossible for any reason, then that he have a decree against the defendants for the value of the improvements he has placed on the said tract of land, and that this recovery be declared a lien on the said land, and that it be sold in satisfaction of said lien; and that the complainant be declared to have a possessory right in and to said tract of land on account of his having had possession thereof, under said promises to convey, for more than seven years."

The injunction and process to answer were issued and served on the defendants and on October 27, 1921, they filed an answer, in substance, as follows: They admitted their ownership of the land and that complainant had lived on it for the past eleven years, but denied that they had agreed or promised him that if he would go on the land, clear and improve it, erect a house, barn or other building, etc., they would make him a deed conveying the land to him, with the improvements thereon. They expressly denied that any such agreement ever existed. They also denied that complainant erected any building or other improvements on the land, and alleged that whatever buildings or improvements had been put

on the land had been put there by them, and almost wholly at their expense, and that the only thing complainant had done was a very small amount of labor in assisting them in making the improvements. They further alleged that the improvements, had been on the land more than six years and that if they had ever owed him anything on account of the improvements, the debt had long since been barred by the Statute of Limitations of six years, which they stated they expressly pleaded and relied upon as a complete defense to his claim.

With reference to the Statute of Frauds, their answer contained the following:

"These defendants for further plea say that neither one of them, nor any person lawfully authorized, ever signed any contract or agreement in writing, or any memorandum or note thereof, for the sale to the complainant of the tract of land mentioned and described in said bill. They, therefore, plead and rely on these matters and the statute for the prevention of frauds and perjuries in bar of complainant's suit."

Their answer then alleged that they had simply permitted complainant to live on the land, that he was their tenant at will, that they had two months before notified him in writing to vacate the property and surrender possession thereof, that he had refused to vacate and surrender possession, and that they were entitled to immediate possession and that he was unlawfully withholding possession from them.

Their answer prayed that it be treated as a cross-bill, etc., and:

"That at the hearing of this cause, the cross-complainants be decreed to be entitled to the immediate possession of the tract of land described in the bill, and they may have a writ of possession issued to put them in peaceable possession of said tract of land."

Complainant answered this cross-bill by reiterating the allegations of his original bill and averring that he had erected and placed the valuable improvements on the land under an express contract that they would execute and deliver to him a deed, and denying that they had made any improvements on the land themselves, etc. His answer then contained the following:

"He further pleads that he has been in continuous, adverse possession of the said premises, claiming the said premises as his own under said contract with cross-complainants for more then seven years before filing of the bill in this cause, (in defense to) cross-complainants' claim of possession of the said premises." The words in parenthesis were inserted by us as they, or some other similar words, were evidently left out in copying the pleadings into the transcript.

Upon these pleadings, proof having been taken and introduced by both sides, the Chancellor decreed as follows:

"It appears to the court that more than ten years before the filing of the bill in this cause, the defendants, W. R. Gaylor and Martha Gaylor, gave by parol to the complainant, the following described tract of land:

(The description of the land was here copied.)

"That the defendants gave to the complainant the said tract of land on the agreement with him that he should clear up part of said land, fence same, erect a house and barn thereon and make improvements, and that they would execute and deliver to him a deed conveying to him the said tract of land; that the complainant acting upon said agreement took possession of said tract of land more than ten years ago, erected a house and barn thereon, cleared and fenced a large part thereof, dug a well thereon, set out a large number of fruit trees thereon and made other valuable improvements, and has been in continuous, open and adverse possession of said tract of land, claiming same under said parol gift for more than ten years next before the filing of the bill in this cause; and that the defendants have failed and refused to execute and deliver to the complainant a deed conveying to him the said tract of land; and that they, on September 19, 1921, began an unlawful detainer suit against the complainant, before H. H. Weir, a justice of the peace of Campbell county, Tenn., for the purpose of obtaining possession of said tract of land from the complainant, and alleging that he was then in possession thereof; and that the complainant under said parol gift, is now and has been in possession of said tract of land, openly and adversely for more than seven years, and that said long adverse possession has extinguished the right of the defendants to have an action, either at law or in equity, to repudiate their parol gift of the said tract of land to the complainant. And it is so ordered, adjudged and decreed by the court.

"It is, therefore, ordered and decreed by the court, that the complainant is now the owner and entitled to the possession of the said tract of land; and that the defendants have no right, either in law or in equity to repudiate the parol gift of said tract of land to the complainant, and oust him from the possession thereof; and it is further ordered and decreed by the court that the defendants be and are hereby perpetually enjoined and restrained from further prosecuting the said unlawful detainer suit before H. H. Weir, Justice of the Peace of Campbell county, Tenn. The clerk and master is hereby ordered and directed to deliver to complainant a certified copy of this decree, for registration, as a muniment of title, the complainant paying the cost thereof.

"It is further ordered that the cross-bill of defendants be and is hereby dismissed; and that the defendants, W. R. Gaylor and Martha Gaylor, pay all the costs of the cause for which execution will issue."

From this decree the defendants have appealed and assigned errors making the following questions:

1st: That the chancellor erred in holding that the complainant was the owner of the land described in his bill, and that the defendants had no right, either in law or equity, to repudiate the parol gift of the tract of land to the complainant. In support of this assignment complainant cites the Statute of Frauds, Shannon's Code, sec. 3142 and the case of Bailey v. Henry, 17 Cates, 391. Also Herring v. Pollard, 4 Humph., 362; Mathews v. Davis, 6 Humph., 324; Rhea v. Allison, 3 Head, 177; Masson v. Swan., 6 Heisk., 451.

2nd: That the decree, in describing the land, does not follow the description contained in the bill, and that insofar as the record discloses, the tract described in the decree is an entirely different tract from the one described in the bill.

3rd: That the court erred in holding that complainant had been in open and adverse possession of the tract of land described in the decree claiming the same under parol gift for more than ten years next before the filing of the bill, because the proof shows that complainant had in actual possession and enclosed by fence, only about three or four acres of this land; whereas under Keel v. Sutton, 15 Thompson, 341, complainant's right of possession existed only to the extent of his enclosure, or his actual possession.

We will dispose of these questions in the inverse order in which we have stated them:

In Keel v. Sutton, supra, the complainants were out of possession and brought an ejectment suit to recover the land from the defendants who were in possession. Instead of introducing any paper writing to show title in themselves, complainants alleged and proved continued and uninterrupted possession for a period of twenty years (which presumed a grant) before they were put out of possession by the Mississippi River washing away the surface of the land. The court in effect held that this was a sufficient deraignment of title against the defendants who had gotten into possession after the surface of the land came out from under the water; but limited the complainants to that part of the land of which they had had actual possession.

But in Choate v. Sewell, 15 Thompson, 487, an ejectment case, the defendant was, and had been for seven years, in adverse possession under a parol gift, and the court held that defendant's possessory right or defense, under Shannon's Code section 4458, was

not limited to his actual inclosure, because a parol gift is voidable and not void, and the limitation of the statute runs against the right of repudiation. Therefore, under the decision in Choate v. Sewell, complainant was not limited to his actual enclosure, but had a possessory right or defense as to the entire boundary of fifteen acres included in the parol gift.

The proof shows that defendants had a farm consisting of about 120 acres and that complainant had no land of his own but did have a wife and several children. The fifteen acres was a part of this farm land and at the time defendants told complainant to move onto it, etc., it was an old worn out field which had not been cultivated for a good many years. . Complainant built the house and barn with the assistance of the defendants and other members of the family, and lived in the house for several years with his wife and children and cultivated four or five acres and set out a fruit orchard. He did not actually cultivate the entire fifteen acres but treated and claimed it under the oral agreement as his own, and as we understand the proof, built a fence separating it from the balance of the farm. The feeling between the defendants and him and his wife and children was cordial and affectionate. But his wife died and he married again. This time to a woman whom the defendants disliked and whom they did not want him to marry. After his second marriage they quit speaking to him, but he continued to live on the land and cultivated a part of it, just as he had always done.

Under these facts and the decision in Choate v. Sewell, supra, we think the third assignment of error is not well taken, and the same is overruled.

We do not think there is any merit in the second assignment of error. It is true that the testimony shows that the description contained in the bill takes in more land than the fifteen acres given to complainant by the parol gift, although the bill states that the tract described therein contains only fifteen acres more or less. In fact, the testimony shows that the description in the bill takes in all of the land of the defendants which, as stated, consists of a farm containing about one hundred and twenty acres. But the record clearly shows that the fifteen acres involved are within the boundaries of the land described in the bill, and we are entirely of opinion that the description in the decree accurately and correctly fits and describes the fifteen acres involved in this controversy and given by defendants to complainant by the parol sale or gift. This assignment of error is therefore overruled.

Coming now to the first assignment of error, which is that the chancellor erred in holding that the complainant was the owner

of the fifteen acres, and that the defendants had no right, either in law or equity, to repudiate the parol gift of it to him.

As complainant had held adverse possession of the land for more than seven years under the parol agreement which he had fully complied with, the defendants, under the decision in Choate v. Sewell, supra, were clearly not entitled to repudiate the agreement and recover possession of the fifteen acres under the prayer of their cross-bill, and the last part of the first assignment of error, is therefore not well taken and is overruled. But was the chancellor correct in adjudging that complainant is the owner of the fifteen acres, and in ordering the clerk and master to deliver to complainant a certified copy of the decree for the purpose of registration as a muniment of title?

Aside from the allegations with reference to the unlawful detainer suit, the original bill alleged the parol gift or sale to complainant and, in effect, asked the court to decree the specific performance thereof by requiring the defendants to execute and deliver to the complainant a deed; or, in the alternative, that complainant have a recovery for the value of the improvements which he had placed on the land, and that the same be declared a lien thereon, etc. The defendants pleaded the Statute of Frauds as a defense to the specific performance, and the six years Statute of Limitations as a defense to the recovery of the value of the improvements. Then the defendants, by their cross-bill, sought to recover the possession of the land, and complainant pleaded his seven years adverse possession (under Shannon's Code, sec. 4458) as a defense to this cross-claim of the defendants. This was the scope and effect of the pleadings.

The gift or sale having been in parol and the defendants having pleaded the Statute of Frauds, the complainant was not entitled to a decree for specific performance, either by the execution and delivery to him of a deed, or by declaring the title to be in him. Upon the other hand, the complainant having had seven years adverse possession and having pleaded the same under Shannon's Code, section 4458, the defendants were not entitled to a decree upon their cross-bill for the restoration to them of the possession of the land.

It seems to us that defendants having filed an answer setting up the Statute of Frauds and a cross-bill seeking to recover possession of the land, the complainant was entitled to elect whether he would surrender possession of the land and recover the value of the improvements he had placed on it, etc., or whether he would retain possession of the land and defeat defendants' efforts to recover possession for themselves, by pleading and proving that he had been in adverse possession of the land under the parol gift or sale

for more than seven years. Having elected to take the latter course, he was entitled to a decree protecting his possession of the land and dismissing defendants' cross-bill, but he was not entitled to an affirmative decree, to be used as a muniment of title, declaring him to be the owner of the land.

In other words, his seven years adverse possession, under Code, section 4458, which he pleaded, gave him a defense to defendants' cross-suit to recover possession of any part of the fifteen acres, because it cut off defendants' right to repudiate the parol gift or sale and recover possession of the land; but his seven years adverse possession of the land did not take away the defendants' right to plead the Statute of Frauds in defense to his suit for a specific performance of the parol gift or sale. This, because section 4458 was passed for the purpose of giving a defensive right to protect possession; and was not passed as a punishment of the parol vendor or donor. This is in accord with the holding in Choate v. Sewell, supra, and with the cases annotated under Shannon's Code, section 4458, as well as under section 3142, the latter of which is the Statute of Frauds.

The decree of the lower court will be reversed only in so far as it adjudges that complainant is the owner of the land and orders the clerk and master to deliver to complainant a certified copy as a muniment of title. In all other respects it will be affirmed. The costs of the lower court will remain as there adjudged and the costs of the appeal will be adjudged against the defendants and the sureties on their appeal bond.

Snodgrass, J., concurs. Portrum, J., took no part in the decision of this case.