N. C. Blanchard Co. *v.* Doak *et al.*

(*Nashville.* December Term, 1933.)

Opinion filed April 3, 1934.

Lynch, Bachman, Phillips & Lynch, and N. Dawson Hall, Jr., all of Chattanooga, for appellant.

SIZER, CHAMBLISS & KEFAUVER, and JAC CHAMBLISS, all of Chattanooga, for appellees.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

Complainant's bill in equity seeks to rescind a contract with Doak, whereby it agreed to purchase a manufacturing business, and a quantity of merchandise manufactured by Doak. It avers the delivery of the manufactured goods to it, and the payment of a part of the purchase price by it to Doak. It avers that, upon discovery of alleged fraud, upon which complainant grounds its right to rescind, complainant deposited the goods delivered to it with the other defendant, Textile Storage & Warehouse Company, for Doak's account. In addition to rescission of the contract, the bill prays that complainant be awarded a decree for the amount it had paid Doak, and that the decree "be declared a lien" on the merchandise in the hands of the Storage & Warehouse Company, the same to be sold and the proceeds applied on the "debt."

The bill also seeks an injunction, restraining Doak from negotiating certain notes, executed by complainant for that part of the purchase money not covered by the cash payment.

The situs of complainant, and of the Storage & Warehouse Company, is in Hamilton County, where the suit was brought. Doak is a resident of Warren County. The bill therefore prayed that leading process be served on the Storage & Warehouse Company, and that *alias* process be served on Doak in Warren County.

The suit was dismissed by the chancellor on Doak's plea in abatement, asserting that he was not, and had

not been, a resident of Hamilton County, and that the Storage & Warehouse Company was not a material party to the controversy or suit. The complainant has appealed to this court.

Complainant asserts that it is entitled, upon rescission of the contract, to a lien on the property purchased, to secure repayment of the purchase money paid, and relies upon section 8642 of the Code of 1932 as statutory authority for bringing the suit in Hamilton County. This section of the Code authorizes a suit "to obtain possession of personal property, or to enforce a lien or trust deed or mortgage, . . . in any county where . . . any part of the personal property may be found."

If complainant is entitled to the lien it claims, it is by an extension of the equitable lien sometimes decreed to purchasers of real estate upon failure or inability of the vendor to convey according to contract, or upon rescission of the contract of purchase and sale. Such a lien is purely equitable in its nature. "Purchase money, received as consideration upon a void sale of land, has been treated as an equity attaching to the land." *Sautelle* v. *Carlisle,* 13 Lea (81 Tenn.), 391, 398; *Rhea* v. *Allison,* 3 Head (40 Tenn.), 177; *Milam* v. *Milam,* 138 Tenn., 686, 691, 200 S. W., 826, 827.

"An equitable lien, strictly speaking, is not a *jus in re* or a *jus ad rem,* but is the right to have the property subjected in a court of equity to the payment of the claim. It is a floating equity until action by the court is invoked." *Milam* v. *Milam, supra.*

The primary object and purpose of this suit is to rescind the contract of purchase and sale. Declaration and enforcement of the asserted equitable lien on that portion of the goods purchased which is within the juris-

diction of the chancery court of Hamilton County, is secondary and incidental to the main purpose of the suit, and dependent upon it. Declaration of the lien would be merely a means of enforcing a decree of rescission. We think therefore that the suit is not one to enforce a lien on personal property which the statute cited carries to any county in which personal property subject to such a lien may be found. If a suit to establish and enforce a mere equitable lien, a "floating equity," is comprehended by the statute, which we find it unnecessary here to determine, the suit must be one in which the enforcement of the lien is its primary object and purpose. If this is a strict construction of the statute, it is justified by the fact that the statute is in the nature of an exception to the general rule of the Code, section 8640, that "in all transitory actions, the right of action follows the person of the defendant, unless otherwise expressly provided."

We think it obvious that the Textile Storage & Warehouse Company is not a material party to the suit. It is a mere stakeholder, whose rights or interests will not be affected by the outcome of the suit.

The decree of the chancellor sustaining the plea in abatement will be affirmed.