CULWELL v. CULWELL et al.—133 S. W. (2d), 1009.

Middle Section. July 22, 1939.

Petition for Certiorari denied by Supreme Court, December 8, 1939.

Claude Callicott, of Nashville, for appellant Dorothy H. Culwell.
P. H. Duke, of Ashland City, for appellee W. J. Culwell.

CROWNOVER, J. The original bill in this cause was filed by W. J. Culwell against his son, G. H. Culwell, and his son's divorced wife, Dorothy H. Culwell, to have the complainant's title declared to

a tract of land, and for specific performance of a parol contract of sale of said land to him from G. H. Culwell, and to have a lien on said land for alimony in favor of Dorothy H. Culwell cancelled and removed as a cloud upon his title.

■ Non-resident's publication was had for G. H. Culwell. He did not answer, and pro confesso was entered against him. This gave the court jurisdiction. Roberts v. Frogge, 149 Tenn., 181, 258 S. W., 782; Ray v. Haag, 1 Tenn. Ch. App., 249; Anderson v. Stribling, 160 Tenn., 453, 26 S. W. (2d), 131; Gibson's Suits in Chancery (4 Ed.), sec. 196.

Dorothy H. Culwell answered and denied that a parol contract for the sale of the land had been made and undertook to plead the statute of frauds.

The Chancellor found and decreed that the complainant, W. J. Culwell, and wife, sold the property in question to their son, G. H. Culwell, in 1920, for $1,200, for which notes were executed, and that nothing was ever paid on said notes; that in 1924 G. H. Culwell sold the land back to the complainant in consideration of the cancellation of the purchase money notes, surrendered to W. J. Culwell the deed by which the land had been conveyed to him and also possession of the land, and agreed to execute a deed reconveying the land, but failed to do so; that the plea of the statute of frauds filed by Dorothy H. Culwell was not available to her; that W. J. Culwell had perfected title to said land by seven years' adverse possession; that the lien heretofore decreed on said land to Dorothy H. Culwell was null and void; that W. J. Culwell was not estopped to assert his rights in said land; and he decreed that the parol contract of sale of the land be specifically performed and the lien of defendant be cancelled.

The defendant, Dorothy H. Culwell, excepted to said decree and appealed to this Court and has assigned errors, which are, in substance, as follows:

(1) The Chancellor erred in finding and decreeing that W. J. Culwell purchased the land in controversy by parol agreement.

(2) The Chancellor erred in holding that defendant Dorothy H. Culwell could not plead the statute of frauds.

(3) The Chancellor erred in holding that complainant had title to the land by more than seven years' adverse possession.

(4) The Chancellor erred in holding that the Chancery Court of Cheatham County had jurisdiction to set aside a decree of another court awarding alimony, and in declaring the lien void.

(5) The Chancellor erred in failing to hold that the complainant was estopped to attack the decree for alimony.

W. J. Culwell owned about seven hundred acres of land in Cheatham County. His son, G. H. Culwell, was married (to a former wife), had four children, and lived on one of his farms as a tenant-farmer.

In February, 1920, he sold this little farm, containing 60 acres, the land involved in this suit, to his son for the consideration of $1,200, for which G. H. Culwell executed his notes.

In November, 1924, nothing had been paid on the purchase price. Taxes since 1920 had been paid by W. J. Culwell. G. H. Culwell made a parol contract with his father to sell the farm back to him in consideration of the cancellation of the purchase money notes, and promised to execute a deed reconveying it, but did not do so.

He sold all his farming equipment and implements and went to Nashville to live. W. J. Culwell took possession of the farm and has occupied it, paid taxes, etc., ever since.

In 1925 G. H. Culwell arranged with his then wife to procure a divorce from him. In the divorce decree she was allowed $5 per week alimony. He paid to her the sum of $15 and has paid no more.

In 1936 he married Dorothy H. Culwell, the defendant, and they lived together less than sixty days.

On November 1, 1937, she filed her petition for divorce in the Circuit Court of Davidson County. G. H. Culwell had become a resident of Florida. In the petition she asked that attachment issue against this land in Cheatham County. Attachment was issued to the Sheriff of Cheatham County and levied, and publication was made for G. H. Culwell. Personal service of process was not had. In her divorce decree she was given $1,000 alimony and $100 attorney's fee, and a lien was declared on said land for the payment of same.

On May 28, 1938, she filed a bill in the Chancery Court of Cheatham County to enforce said lien, which suit is now pending.

G. H. Culwell has since written his father that he would execute a deed conveying this property to him as soon as he got the money to pay a notary public for taking the acknowledgment.

1 and 2. The preponderance of the evidence is that G. H. Culwell entered into a parol contract with W. J. Culwell to sell the farm back to him in consideration of the cancellation of the purchase money notes and promised to execute a deed conveying same, and is willing to execute a deed, and does not want the farm.

As G. H. Culwell did not plead the statute of frauds as a defense, W. J. Culwell is therefore entitled to a decree for specific performance of the parol contract. Gibson County Bank v. Shatz, 12 Tenn. App., 281; Sneed v. Bradley, 36 Tenn. (4 Sneed), 301, 304, 305; Gibson's Suits in Chancery (4 Ed.), sec. 330.

Dorothy H. Culwell could not plead the statute of frauds, as it cannot be pleaded by a third party (Aiken v. Galyon-Crumley Lbr. Co., 1 Tenn. App., 702) or a creditor. Roberts v. Francis, 49 Tenn. (2 Heisk.), 127, 135; Sneed v. Bradley, 36 Tenn. (4 Sneed), 301.

A creditor cannot set up the statute of frauds to prevent the execution, by his debtor, of an oral executory contract which

the latter is willing to perform, or to avoid an oral contract executed by the debtor. 27 C. J.., 307, sec. 393; Roberts v. Francis, 49 Tenn. (2 Heisk.), 127, 135; Sneed v. Bradley, 36 Tenn. (4 Sneed), 301.

Hence the first and second assignments of errors are overruled.

■ ■ 3. The Chancellor erred in decreeing that W. J. Culwell had perfected title to the land by seven years' adverse possession, under a parol gift, and the appellant's third assignment of error must be sustained. Seven years' adverse possession without color of title only bars the right of the owner to recover possession and does not give the party holding adversely the right to have title decreed in him. Gaylor v. Gaylor, 1 Tenn. App., 645; Code, sec. 8584.

■ 4. The Chancellor was correct in holding that said lien for alimony was null and void and not binding upon the complainant, as the court had no jurisdiction to render a money decree without personal service, or without a legal attachment of property.

■ An attachment on the real property of a non-resident must issue from the court of the county where the property is located, and an attachment from any other county is void. Tennessee Procedure by Higgins & Crownover, secs. 118, 119; French v. Buffatt, 161 Tenn., 500, 33 S. W. (2d), 92.

■ Code, sec. 8642, is as follows:

"In actions commenced by the attachment of property without personal service of process, and in cases where the suit is brought to obtain possession of personal property, or to enforce a lien or trust deed or mortgage, or where it relates to real property, the attachment may be sued out or suit brought in any county where the real property, or any portion of it, lies, or where any part of the personal property may be found."

This section must be strictly construed. N. C. Blanchard Co. v. Doak, 167 Tenn., 385, 70 S. W. (2d), 21.

"A writ of attachment cannot be sued out to attach property in a foreign county, unless there is an attachment of property within the county where the suit is brought, or personal service on defendant within the county to give the court jurisdiction." 6 C. J., 96, sec. 136.

"In the case of nonresident defendants, statutes very generally require attachment proceedings to be brought in any county in which the property of defendant may be found, and in the absence of a permissive statute, a court of the county where a cause of action arises cannot issue an attachment writ where defendant is a nonresident and his only property in the state is situated in another county." 7 C. J. S., Attachment, page 267, section 98b.

"Under Rem. & Bal. Code Wash., section 204, which requires attachment suits against land to be brought in the county where the land or some part thereof is situated, in an attachment suit brought

in a county other than that in which the land is situated, against a nonresident defendant who is not personally served with process, the court acquires no jurisdiction over either the person or subject-matter.'' Wright v. Ankeny, D. C., 217 F. 988.

It follows, therefore, that the attachment of the land in Cheatham County in the divorce case was void and the lien declared in that decree is void.

It is insisted that the statute provides that divorce bills must be filed in the county where the separation occurred, etc., and that the courts of Cheatham County had no jurisdiction of the divorce suit. This is true so far as the divorce suit is concerned (Gibson's Suits in Chancery (4 Ed.), sec. 1090), but it does not follow that a suit for alimony has to be filed in Davidson County. A suit for alimony is not necessarily related to divorce suit, and separate suit may be maintained. Toncray v. Toncray, 123 Tenn., 476, 494, 131 S. W., 977, 34 L. R. A. (N. S.), 1106, Ann. Cas., 1912C, 284; Cureton v. Cureton, 117 Tenn., 103, 96 S. W., 608. Such suit for alimony could have been instituted in Cheatham County and the land attached there, had the defendant G. H. Culwell held the title.

The inherent power of the Chancery Court to declare a lien upon property in certain cases upon nonresident publication without attachment, as laid down in the case of Roberts v. Frogge, 149 Tenn., 181, 258 S. W., 782, does not apply in a case of this kind where the court has not acquired jurisdiction.

5. The Chancellor was correct in holding that the wife was not entitled to alimony out of this land, as it belonged to W. J. Culwell.

The doctrine of alimony is based upon the common-law obligation of the husband to support the wife, which is not removed by her asking for or obtaining a divorce for his misconduct. Toncray v. Toncray, 123 Tenn., 476, 131 S. W., 977, 34 L. R. A. (N. S.), 1106, Ann. Cas., 1912C, 284.

The claim for alimony is not a debt, and the claims of existing creditors are not affected by the claim for alimony. Powell v. Warren, 2 Shannon Cas., 144; White v. Bates, 89 Tenn., 570, 15 S. W., 651.

A wife is entitled to alimony only out of the property of her husband, and her rights are affected by his title. She can stand no higher than he does. It follows that a decree for alimony giving her a lien on property to which her husband had no title, is not valid, regardless of whether the property was impounded.

6. It is insisted that the Chancery Court in Cheatham County has no jurisdiction to set aside a decree of the Circuit Court of Davidson County for alimony. This is true so far as the decree allowing alimony is concerned. Smith v. Johnson, 2 Heisk., 225.

But this is not true in so far as the lien of the decree affects the property of strangers. Powell v. Warren, 2 Shannon Cas., 144.

It was held originally that the Chancery Court had no jurisdiction to enjoin judgments of other courts, but the jurisdiction of the Chancery Court has been greatly extended within the past few years, and now an independent bill may be filed to set aside judgments and decrees of other courts or the same court for fraud, accident, or mistake, or where the court had no jurisdiction of the person or subject-matter, or where the decree is beyond the scope of the pleadings. Clemmons v. Haynes, 3 Tenn. App., 20, 26; Shannon's Code, Notes 4 to 9 under sec. 6255. And now a third party, whose property is affected by a decree for alimony, who was not made a party to that proceeding, may file a bill in the Chancery Court to enjoin the alimony decree in so far as it affects his rights in the property. Gibson's Suits in Chancery (4 Ed.), sec. 814, subsec. 2 (3); Bell v. Williams, 1 Head, 229; Grader v. Coltart, 3 Shannon Cas., 562.

It results that this assignment of error must be overruled.

7. The fifth assignment of error, as to estoppel, must be overruled because there was no evidence that Dorothy H. Culwell was misled to her damage in any manner.

W. J. Culwell testified that he said to her: "I understand that you have filed against George for alimony. I said I have heard that, and there has been some talk about you were going to make an attachment on the place or something like that. I said it is like this, that place is mine. I showed her the notes and deed. I said you can see the notes and deed, there never was a dollar paid on it and he turned it back to me, that is what I said." This is not denied by Mrs. Dorothy Culwell, and is enough to put her on notice of his title.

However, the question of estoppel is immaterial, as she has acquired no rights or lien on the property.

All the material assignments of errors having been overruled, the decree of the Chancellor will be affirmed, with the exception that a decree will be entered in this Court divesting the title to said land out of G. H. Culwell and vesting the same in W. J. Culwell, instead of decreeing specific performance, as personal service of process was not had on G. H. Culwell. The lien for alimony on said land is declared void and a cloud on the title, and is removed as such, and the suit to enforce the same is perpetually enjoined.

The costs of the cause including the costs of the appeal are decreed against Dorothy H. Culwell and G. H. Culwell.

Faw, P. J., and Felts, J., concur.

## On Petition for Rehearing.

CROWNOVER, J. Each side has filed a petition for a rehearing and additional findings of fact.

1. The complainant, W. J. Culwell, asks that we find that he went into possession of said property and held adverse possession for more than seven years after his son delivered the deed and possession to him, and he asks us to hold that he has a possessory right which he may enforce in this case.

We find that G. H. Culwell delivered possession of said land to W. J. Culwell in 1924, and that W. J, Culwell has held the adverse possession of it from that time until the present.

We hold that complainant, being in actual possession of said property, has a possessory right to the extent of the boundaries. Choate v. Sewell, 142 Tenn., 487, 492, 221 S. W., 190.

This possessory right is good against the creditors of G. H. Culwell, trespassers and others. Moore v. Dinning, 158 Tenn., 374, 13 S. W. (2d), 798; Tuggle v. Southern Railway Co., 140 Tenn., 275, 204 S. W., 857. And this possessory right may be protected by injunction. Walker v. Fox, 85 Tenn., 154, 2 S. W., 98; Tuggle v. Southern Railway Co., supra.

But, as held by us, this did not give him the legal title to said property. Gaylor v. Gaylor, 1 Tenn. App., 645.

2. The defendant Dorothy H. Culwell has filed a petition for a rehearing and additional findings of fact, in that, (a) she insists that W. J. Culwell told her that the land belonged to G. H. Culwell, and that he was holding it for him, and (b) the present suit was filed subsequently to the suit filed by her in the same court to enforce the decree for alimony.

We hold that Dorothy H. Culwell and her mother testified that W. J. Culwell told them that the land belonged to G. H. Culwell and that he was holding it for him, but we are of the opinion and hold that W. J. Culwell stated to her, at the time, that the place was his (not G. H. Culwell's but W. J. Culwell's) and that he showed her the notes and the original deed that had been returned to him, and stated to her that G. H. Culwell had not paid a dollar of the purchase money.. However, we hold that this is immaterial, and cannot affect the result.

We also find that Mrs. Dorothy H. Culwell filed her bill in the Chancery Court in Cheatham County to enforce her lien for alimony before W. J. Culwell filed the bill in this case. These facts are shown in the original bill filed in this cause. But we are also of the opinion that this is immaterial.

It results that the petitions for additional findings of fact are granted and the facts are found as hereinabove stated, but the petitions for a rehearing are in all other respects denied.

Faw, P. J., and Felts, J., concur.