DEATON *v.* EVANS *et al.*

(*Nashville,* December Term, 1950.)

Opinion filed June 16, 1951.

Ray W. Churchill, of Memphis, for complainant.

Wm. F. Barry, Solicitor General, for defendant.

350

Mr. Justice Tomlinson delivered the opinion of the court.

The bill involved in this suit was filed by Mrs. Deaton in the Chancery Court of Shelby County, that being her residence. The persons made defendants were Evans, Commissioner of the Department of Finance and Taxation of Tennessee, and Bates, Supervisor of its Motor Vehicle Financial Responsibility Division. This is the division created by reason of Chapter 75, Public Acts of 1949, and known as the Motor Vehicle Financial Responsibility Act. Crawford as Chief of the West Tennessee Division of the State Highway Patrol was also made a defendant. The bill does not allege the residence of any of these defendants. The Court judicially knows, however, that the official residence of the State Commissioner of Finance and Taxation is Nashville, Davidson County, Tennessee. *Lyons* v. *Lay*, 179 Tenn. 388, 166 S. W. (2d) 778. Process was served personally on Crawford, the patrolman. Then a counterpart of the original subpœna was issued to Davidson County where it was served upon Evans and Bates in their respective official capacities.

Mrs. Deaton's bill alleges that while her passenger automobile was being operated by her son on no business of hers, and without her knowledge or consent, it was involved in a collision; that, as a result, there is pending

in the law court of Shelby County a suit against her for damages in the amount of $7,600; that she did not have liability insurance.

The Motor Vehicle Financial Responsibility Act, insofar as material here, provides for the cancellation by the Commissioner of Finance and Taxation of the registration certificate issued for the operation of an automobile subsequently involved in an accident on the public roads or streets, and for the surrender of its registration license plates if its owner, after a stated notice, fails to show financial ability to pay the damages for which that owner may be liable by reason of such accident. This showing may be made by means of liability insurance, posting of bond, or deposit of cash with the State Department of Finance and Taxation.

In substance, the bill alleges that the Commissioner of Finance and Taxation acting through Bates, Director of its Motor Vehicle Financial Responsibility Division, directed Mrs. Deaton in writing, subsequent to the institution of the damage suit, that she deposit cash or certified check in the amount of $5,150 to secure payment of any judgment "arising out of said accident", and that she refused to do this because she was not liable; that thirty days later she received written notice of the revocation of her registration certificate together with the direction that she surrender this certificate and the license plates to the office of Finance and Taxation or "the nearest Tennessee Highway Patrol Station"; that this notice was given by the Department of Finance and Taxation through Roy M. Bates, "on the theory that" she "had failed to comply with the provisions of Chapter 75, Public Acts of 1949"; that ten days later a Tennessee highway patrolman named Savage trespassed upon her property and forcibly removed these plates, "and that the same

are now being unlawfully held by the highway patrol". The insistence made by the bill is that (1) the aforesaid action of the Department of Finance and Taxation is an illegal prejudging of the merits of her lawsuit, and (2) the action was taken without the written notice required by the aforesaid Motor Vehicle Financial Responsibility Act, and (3) this Act is unconstitutional.

The prayer of the bill is that (1) the Motor Vehicle Financial Responsibility Act be held unconstitutional, and (2) the Department of Finance and Taxation be restrained from cancelling or in any way affecting the registration of her automobile for operation on the public roads, and (3) the Tennessee Highway Patrol and Crawford, chief of its western division, be prohibited from withholding from her the license plates removed from the car.

The defendant patrolman, Crawford, has interposed no plea to the bill, nor has any order pro confesso been entered as to him. Evans, Commissioner, and Bates, Supervisor of the Financial Responsibility Division, demurred to the bill on the ground that (1) the Chancery Court of Shelby County is without jurisdiction because, so it is asserted, the only material defendants are Evans, Commissioner, and Bates, Supervisor, and they are residents of Davidson County, and (2) the Motor Vehicle Financial Responsibility Act is constitutional.

The Chancellor sustained both grounds of the demurrer. The case is here on the appeal allowed Mrs. Deaton.

In *Lyons* v. *Lay*, 179 Tenn. 388, 392, 166 S. W. (2d) 778, it is held that suits against the State Commissioner of Finance and Taxation must be brought in the Courts of Davidson County except in cases arising under the income tax law and under certain sections of the revenue act.

The insistence made in appellant's brief is that the present case does not come within the ruling of *Lyons* v. *Lay,* supra, and grounds that insistence upon the following statement in her brief: "Inasmuch as the acts complained of are in the nature of a tort and therefore transitory, it would naturally follow that the official or actual residence of the defendants or any of them would be unimportant as long as one of the defendants could be found in Shelby County, Tennessee." The only defendant found in Shelby County was Crawford, the patrolman, with service then being had upon the State commissioner and supervisor Bates by counterpart issued to Davidson County.

In a transitory action the original process must be served upon a *material* defendant residing in the county where the action is commenced and before counterpart can be issued to another county for service on another defendant; *Achy* v. *Holland,* 76 Tenn. 510, 511-512. Otherwise, the Court in the county where the action is commenced is without jurisdiction; *Western Auto Cas. Co.* v. *Burnell,* 17 Tenn. App. 687, 693, 71 S. W. (2d) 474. This was a law case in which certiorari was denied. This rule likewise applies to suits in Chancery, since equitable proceedings usually follow the law in determining venue. *State ex rel. Logan* v. *Graper,* 155 Tenn. 565, 569, 4 S. W. (2d) 955.

If the only relief sought against the resident defendant is incidental to and dependent upon obtaining against non-resident defendants the main relief sought, then, the resident defendant is not a material defendant so as to give jurisdiction to a court in the county of his residence. *Blanchard Co.* v. *Doak,* 167 Tenn. 385, 70 S. W. (2d) 21.

■ The main relief sought by Mrs. Deaton is to be restored to the privilege of operating her automobile involved in this accident upon the public roads and streets of Tennessee without being required to deposit with its Commissioner of Finance and Taxation any cash or bond to pay any judgment which may be rendered against her in the pending damage suit in which that automobile was involved. She seeks to procure that main relief in this suit by enjoining the Commissioner of Finance and Taxation from preventing the issuance to her of the annual registration certificate and accompanying license plates. These credentials are prerequisites to her right to operate this car upon the public roads and streets of the State. As the means of obtaining such injunction she asks for a decree in this suit holding that the State Commissioner of Finance and Taxation is without authority to cause the withholding of such certificate and license plates because (1) the statute under which he presumes to act is unconstitutional or, (2) if constitutional, that the Commissioner has failed to comply with the requirements of the statute in issuing the order which is depriving her of this certificate and license plates.

The only relief sought against the resident defendant, Crawford, is that he, as a highway patrolman, be restrained from withholding the 1950 license plates which were taken off of Mrs. Deaton's car, and from carrying out any order of the Commissioner of Finance and Taxation which interferes with her operation of this car on roads and streets. Her right to the return of the 1950 license plates and to freedom from interference within the premises by Crawford, as a state highway patrolman, in such operation of this automobile is entirely dependent upon whether she is entitled to the relief which she seeks against the Commissioner, and is merely incidental to

such relief. Crawford is not, therefore, a material defendant. *Blanchard Co.* v. *Doak,* supra.

Since Crawford is the only defendant who is a resident of Shelby County—if he is such a resident—where this suit was brought, and since Crawford is not a material defendant, it necessarily follows that this suit is not within the jurisdiction of the Shelby County Chancery Court. Immaterial therefore in this case is the accuracy or inaccuracy of Mrs. Deaton's hereinbefore quoted theory with reference to this being a transitory action outside the rule stated in *Lyons* v. *Lay,* supra, as to the necessity of bringing suits against the Commissioner of Finance and Taxation in the courts of Davidson County only.

*State Bd. of Medical Examiners* v. *Friedman,* 150 Tenn. 152, 263 S. W. 75, is relied upon by counsel for Mrs. Deaton in support of her above stated theory in the instant case. One of the reasons why the Friedman case is not in point here is because the main relief sought in that case was against the State Board of Medical Examiners in their official capacities. One of the members of that Board, its secretary, was a resident of the county in which the suit was instituted.

The fact that Shelby County Chancery Court is without jurisdiction is conclusive of this case. In accordance therefore with the practice usually, but not necessarily always, followed, the question made by appellant as to the constitutionality of Chapter 75, Public Acts of 1949 will not be considered. *Richardson* v. *Young,* 122 Tenn. 471, 524, 125 S. W. 664.

The decree of the Chancellor holding that his Court is without jurisdiction and the dismissal of the suit on that ground will be affirmed with the costs of this appeal adjudged against Mrs. Deaton and her sureties.

All concur.