Jack ROMINES and wife, Mildred G. Romines, Appellants,

v.

K & S ENGINEERING & CONTRACTING CO., INC., and C & Y Painting Co., Inc., Appellees.

Supreme Court of Tennessee.

Oct. 3, 1977.

Sidney W. Gilreath, Robert E. Pryor, Knoxville, for appellants.

H. Francis Stewart, Stewart, Estes & Donnell, Nashville, for K & S Engineering.

Darryl G. Lowe Kennerly, Montgomery, Howard & Finley, Knoxville, for C & Y Painting Co.

## OPINION

COOPER, Chief Justice.

This appeal presents the question: When properly attacked by motion, can counterpart service of process be sustained where the only resident defendant was dismissed

by the trial judge in ruling on motions filed preliminary to trial? We hold that it cannot.

For the purpose of this appeal, the record shows that Jack Romines was injured in an automobile accident that occurred in Rutherford County, Tennessee. Mr. Romines and his wife filed actions in Knox County, Tennessee, to recover damages resulting from the accident, naming as defendants the United States Gypsum Company, a Delaware Corporation with agent for service of process in Knox County, the K & S Engineering and Contracting Company, Inc., which is located in Wilson County, Tennessee, and C & Y Painting Company, Inc., which has its place of business in Lawrence County, Tennessee.[1] Service of process was obtained upon the United States Gypsum Company in Knox County, with counterpart process running to Wilson County and Lawrence County for the other defendants.

A motion for summary judgment filed by the United States Gypsum Company was sustained. Motions to dismiss filed by the non-resident defendants then were sustained on the ground of "improper venue."

 Unless otherwise expressly provided for in special statutes, venue of a transitory action is in the county where the cause of action arose or in the county where the defendant resides or is found. T.C.A. § 20–401. On service of original process on a real and material defendant in a county having venue of a transitory action, defendants residing in counties other than the one where the cause of action was filed can be brought before the trial court by counterpart process. T.C.A. § 20–401; *Isbell v. Strider*, 192 Tenn. 685, 241 S.W.2d 828 (1951); *Deaton v. Evans*, 192 Tenn. 348, 241 S.W.2d 423 (1951). Where a transitory action is filed in a county other than the one where the cause of action arose, if service of original process is on a party that is not a real and material defendant, venue does not lie in the county where the action was commenced and the trial court is not able to acquire jurisdiction over the person of de-

fendants summoned by counterpart process, in the face of a motion to dismiss the action for lack of venue. *See Isbell v. Strider, supra.*

 The key then is: Was United States Gypsum Company a real and material defendant so as to locate venue and legitimate the service of counterpart process on the other defendants? Appellant insists that it was, since the action was filed in the bona fide belief that plaintiff had a cause of action against United States Gypsum and not with the fraudulent intention of depriving the non-resident defendants of their right to be sued in their own county or in the county where the cause of action arose. Appellees, on the other hand, insist that since, prior to trial, it was shown that plaintiff had no cause of action against United States Gypsum, United States Gypsum was not a real and material defendant.

We are of the opinion and hold that irrespective of the motive of a plaintiff in bringing an action against a resident defendant, if the action cannot survive motions made preliminary to trial, the resident defendant is not a real and material defendant for the purpose of locating venue or the acquisition of jurisdiction over non-resident defendants by counterpart process. This is in accord with the basic holding in *Isbell v. Strider*, 192 Tenn. 685, 241 S.W.2d 828 (1951). *See also* 77 Am.Jur.2d *Venue* § 34.

The action of the trial judge in dismissing the cause of action for lack of venue is affirmed. Costs incident to the appeal are adjudged against Jack Romines and Mildred G. Romines and their surety.

FONES, HENRY, BROCK and HARBISON, JJ., concur.

---

1. The State of Tennessee also was a party, but was dismissed on motion. The fact that the State was once a party has no bearing on the question at issue.