IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Briefs July 19, 2000

## THE BOGATIN LAW FIRM, PLC v. HALLUM MOTORS, INC., ET AL.

**Direct Appeal from the Chancery Court for Shelby County**
**No. 99-0383-I     Floyd Peete, Jr., Chancellor by Interchange**

_____

**No. W2000-00409-COA-R3-CV - Filed December 15, 2000**

_____

Appellee, an Arkansas corporation, and Appellant, a Delaware corporation authorized to do business in Arkansas and Tennessee, entered into an asset sales agreement for the sale and purchase of assets relating to an automobile dealership in West Memphis, Arkansas. Earnest money was placed in escrow with the Bogatin Law Firm, PLC in Memphis, Tennessee. Dispute concerning the asset sales agreement arose, and both parties made claim to the earnest money. The Bogatin Law Firm filed a complaint for interpleader in Shelby County, Tennessee. Appellee filed a motion to dismiss based upon improper venue which the trial court granted. We reverse, finding that venue in Shelby County was proper and that Appellee submitted to jurisdiction in Shelby County, Tennessee.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed; and Remanded

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY K. LILLARD, J., joined.

Roger A. Stone, Memphis, Tennessee, for the appellant, John B. Naughton, Sr., Holding Company, Inc.

William L. Hendricks, Jr., Memphis, Tennessee, for the appellee, Hallum Motors, Inc.

### OPINION

Hallum Motors, Inc. (Hallum Motors) and John B. Naughton, Sr., Holding Company, Inc. (Naughton) entered into an asset sales agreement (agreement) whereby Hallum Motors agreed to purchase from Naughton certain assets associated with a Chevrolet automobile dealership located in West Memphis, Arkansas. Hallum Motors is an Arkansas corporation doing business in Arkansas, and Naughton is a Delaware corporation authorized to do business in Arkansas and Tennessee. David Porteous of The Bogatin Law Firm was named as the escrow agent, and, pursuant to the agreement, Hallum Motors deposited $50,000 with The Bogatin Law Firm. Upon receipt of the $50,000, Mr. Porteous opened an interest-bearing savings account with First Tennessee Bank in Memphis, Tennessee, and deposited the funds there.

Regarding the escrow arrangement, the agreement provided as follows:

> If Buyer shall be in default under the terms of this Agreement, then the Escrow Agent shall pay the down payment or earnest money to Seller, and this Agreement shall thereafter be null and void. If Seller shall be in default under the terms of this Agreement, or if the conditions precedent to Buyer's obligation to close and consummate this Agreement cannot be met, for any reason whatsoever, then the Escrow Agent shall return the $50,000.00 down payment or earnest money to Buyer, and this Agreement shall thereafter be null and void. Buyer and Seller agree to hold harmless and indemnify the Escrow Agent, including any and all costs and attorney's fees which Escrow Agent may incur, for any and all actions of the Escrow Agent taken or done pursuant to the terms of this Agreement.

Mr. Porteous received letters from both Hallum Motors and Naughton. Hallum Motors requested Mr. Porteous pay it the $50,000, claiming that the conditions precedent had not been met. Naughton claimed it was due the $50,000 because Hallum Motors breached the contract. The Bogatin Law Firm filed a Complaint for Interpleader, requesting the chancery court in Shelby County to require Hallum Motors and Naughton to settle their rights to the $50,000 being kept in escrow. Hallum Motors filed a motion to dismiss based on improper venue. The trial court granted the motion to dismiss and ordered the cause to be "transferred to an Arkansas court where venue is proper." Additionally, the trial court ordered that the $50,000 being held in escrow be placed with the respective Arkansas Court Clerk upon the refiling of the matter. Naughton appealed, raising the issue of whether the trial court erred in dismissing The Bogatin Law Firm's Complaint for Interpleader based upon its finding that Shelby County, Tennessee, was not a proper venue for this cause and that the matter should be transferred to the proper Arkansas court.

"Venue is the personal privilege of a defendant to be sued in particular counties." *Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977). Both Appellant and Appellee rely on section 20-4-101 of the Tennessee Code for the determination of the proper venue for this action. Section 20-4-101 provides that "[i]n all civil actions of a transitory nature, unless venue is otherwise expressly provided for, the action may be brought in the county where the cause of action arose or in the county where the defendant resides or is found." Tenn. Code Ann. § 20-4-101(a) (1994); *see also Romines v. K & S Eng'g Contracting Co., Inc.*, 556 S.W.2d 85 (Tenn. 1977). However, statutory provisions requiring that transitory actions be brought in the county of the defendant's residence do not apply to actions involving a nonresident defendant. *See* 77 Am. Jur. 2d *Venue* § 37 (1997). Rather, in the absence of any other statutory provision designating the county in which actions against nonresident defendants are to be brought, venue is proper in the county where the defendant can be found and served with process or in the county where the defendant may enter an appearance. *See id.; see generally Curtis v. Garrison*, 364 S.W.2d 933 (Tenn. 1963) (generally, suits growing out of personal differences between litigants, whether arising out of tort or contract, follow defendant and may be instituted against him wherever found); *Harbison v. Welch*, 258 S.W.2d 755 (Tenn. 1953) (plaintiff may bring transitory action wherever defendant can be found).

Venue is proper where a defendant can be found and served with process. Accordingly, venue is proper in Crittenden County, Arkansas, because Hallum Motors has its principal place of business there and can be found and served with process there. Undoubtedly, however, Hallum Motors was served with process in Shelby County since, prior to filing its motion to dismiss for improper venue, a notice of appearance was filed by Hallum Motors' attorney and a consent order was entered allowing Hallum Motors additional time to answer. Also, Hallum Motors did not contest service. Therefore, venue in Shelby County is proper.

Hallum Motors' appellate brief could be interpreted as an argument based on forum non conveniens. However, forum non conveniens was not a basis for the motion filed in the trial court, and it was not a basis for the trial court's order. Thus, we decline to address that issue here.

The discretion of the trial court in ruling on a motion for a change of venue will be reversed where an abuse of discretion plainly appears. Based upon the foregoing, this court finds that venue was proper in Shelby County, Tennessee; hence, the trial court erred by dismissing the interpleader action. Furthermore, the trial court erred by transferring the case to Arkansas.

> [S]tatutory provisions for change of venue are intended to provide for a change of the place of trial from a court in one county to the same kind of court in another county; they are not designed to authorize the transfer of an action from one court to another differently organized court or one possessing a different jurisdiction[.]

77 Am. Jur. 2d *Venue* § 51 (1997). *See generally Smith v. Smith*, 518 S.W.2d 510, 511 (Tenn. 1975) (finding no authority to transfer cause of action from chancery court in Marion county to chancery court in Davidson county); *Inter-Southern Life Ins. Co. v. Pierce*, 31 S.W.2d 692, 692 (Tenn. 1930) (holding that chancery court of Washington county did not have the power to transfer action to chancery court in Greene county).

Based upon the foregoing, we find that the trial court erred in granting Hallum Motors' motion to dismiss based upon improper venue. We reverse the trial court's order and remand this case for further proceedings consistent with this opinion. The costs of this appeal are taxed to Hallum Motors, Inc. and its surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

-3-