White *v.* Bates.

# WHITE *v.* BATES.

## (*Nashville.* January 27, 1891.)

1. REDEMPTION OF LAND. *Sale for alimony.*

Lands are not sold for *debt*, and therefore the sale is not subject to any right of the owner to redeem, when made in a divorce case for the purpose of providing alimony for the wife, under a decree which awards no specific sum to the wife, but directs certain of the husband's lands to be sold, and one-half their proceeds to be paid to the wife as alimony, and the other half, less costs, to the husband.

Code construed: § 2947 (M. & V.); § 2124 (T. & S.).

2. SAME. *Same.*

And it is not necessary, in order to cut off the husband's supposed right of redemption in such case, that the bill should pray for, and the decree direct, a sale in bar of that right.

3. CHANCERY SALE. *For alimony. Validity of, on collateral attack.*

And such sale is valid on collateral attack, although the entire interest in the lands was decreed to be sold, when only half the proceeds were given to wife as alimony.

4. ALIMONY. *How decreed. When a debt.*

In decreeing alimony to the wife, the Court may, in its discretion, give her specific property, real or personal, belonging to the husband, or may assign to her a fixed proportion of his estate in kind or value, or may adjudge to her a specific sum to be paid by the husband; and it is only in the latter instance that alimony becomes a *debt* within the meaning of our redemption laws.

White *v.* Bates.

Code construed: §§3325–3327 (M. & V.); §§2468–2470 (T. & S.).

Cases cited and approved: McGhee *v.* McGhee, 2 Sneed, 221; Boggers *v.* Boggers, 6 Bax., 299.

FROM JACKSON.

Appeal from Chancery Court of Jackson County. H. H. DILLARD, Sp. Ch.

M. G. BUTLER for White.

McCORRY & BOND, COX & ANDERSON, GEORGE H. MORGAN, and HAMILTON PARKS for Bates.

LURTON, J. Complainant White, as assignee of Jos. Elrod, claims to have redeemed the land described in the pleadings, and files this bill to recover possession, rents, etc. The principal question to be decided is as to whether the land was, under the Code, subject to redemption.

The wife of Jos. Elrod, under whom White claims, filed her bill for divorce and alimony in the Circuit Court of Smith County. An absolute divorce was granted and alimony decreed. For the purpose of providing alimony, it was decreed that the undivided interest of Elrod in a tract of land in Jackson County be sold by the Clerk of that Court, for cash, to the highest bidder, after

due advertisement; that one-half of the proceeds be paid over as alimony to the wife, and that, after paying costs, the other half of proceeds be paid to Elrod himself. At this sale the defendant, Bates, became the purchaser. The sale was duly confirmed, and title vested in the purchaser.

None of the pleadings or decrees contain any thing concerning the right of redemption. Within two years after sale the complainant, as assignee of Elrod, undertook to redeem from Bates and his assignees by paying into the office of the Clerk of the Court making the sale the full amount of the purchase-money paid in by Bates, with interest. The purchaser and his assigns refused to permit redemption, and have refused to receive the redemption-money so tendered, and now insist that the land was not sold subject to redemption.

We are of opinion that this sale was free from any right of redemption. The claim for alimony in a wife's bill is not a debt. The creditors of the husband cannot be affected by the wife's claim for alimony. 2 Sneed, 221. Alimony is an allowance out of the estate of the husband made *pendente lite* for the maintenance of the wife, or for the sustenance of the wife after legal separation or a divorce. Such a claim is not a debt. Am. and Eng. Ency. of L., Vol. I., p. 482, and cases cited.

It may become a debt by judgment or decree for a specific sum to be paid by the husband;

but the Court may, in its discretion, give alimony
in property, real or personal, belonging to the
husband, or may assign to her a fixed proportion
of his estate in kind or value, or it may adjudge
a specific sum to be paid.    Code, §§ 2468–2470 in-
clusive; 6 Bax., 299.

Here the Court, instead of adjudging a particu-
lar sum to be paid the wife, or assigning to her
a portion of his estate, decreed to her the one-
half of the proceeds of the sale of a particular
interest in land; the other half was decreed to
the husband less the cost.    Whether this was a
wise decree, or sufficiently protected the husband's
rights, in converting into money more of his land
than was necessary to satisfy the wife's claim, it
is unnecessary to determine.    The husband sub-
mitted to the decree without appeal.    The alimony
was to consist of one-half the gross proceeds of the
sale of this land.    To say now that such a sale was
subject to redemption, would be to cut down the
allowance of the wife by the value of the equity
of redemption.    She would not get one-half the
proceeds of the sale of this land, but one-half
less the value of the right of redemption.    The
decree was not for a specific sum to be raised by
a sale, but was for an indefinite sum, to be as-
certained only by a division of the proceeds of
the sale decreed.    The sale was not, therefore,
made to satisfy a debt.    The decree was satisfied
whatever the price the land might bring.    Lands
are only subject to redemption, under our statute,

when sold for *debt*. The language· of the Code is: "Real estate sold for debt shall be redeemable at any time within two years." § 2124. The subsections under the general provision cited all pre-suppose the condition that the sale is for *debt.* Such a sale as that ordered in this case was no more a sale for debt than one ordered for purposes of division.

The decree dismissing the bill will be affirmed with costs.