**In re Lynn Palmer Raymond ALLEN, Debtor.**

**Thelma B. MONDAY, Plaintiff,**

**v.**

**Lynn Palmer Raymond ALLEN, Defendant.**

**Cecil B. SETTLEMIRE, Plaintiff,**

**v.**

**Lynn Palmer Raymond ALLEN, Defendant.**

**Bankruptcy Nos. 3–79–00797, 3–79–0029 and 3–79–0022.**

United States Bankruptcy Court, E. D. Tennessee.

June 12, 1980.

Cecil B. Settlemire, Knoxville, Tenn., for plaintiffs.

Alan Everett and Rufus W. Beamer, Jr., Knoxville, Tenn., for defendant.

## MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

In these consolidated adversary proceedings arising out of a divorce action, four issues must be determined:

(1) Whether payments of $50.00 per week is an award for alimony, maintenance or support, hence nondischargeable under § 523(a)(5).[1]

(2) Whether certain debts incurred during the marriage which the debtor was directed to pay are nondischargeable under § 523(a)(5).[2]

(3) Whether an attorney fee awarded to the attorney for the former wife is nondischargeable under § 523(a)(5).[3]

(4) Whether alleged damages to a cabin awarded to the former wife are nondischargeable under § 523(a)(6).[4]

I

In March 1979 plaintiff, Mrs. Monday, formerly Mrs. Allen, instituted a divorce action against the defendant in the Chancery Court for Knox County, Tennessee, No. 65434.[5] This action also involved other matters not relevant to this proceeding. On August 17, 1979, a final judgment was entered granting Mrs. Allen an absolute divorce. The decree also directed that temporary alimony supports payments of $50.00 per week be made permanent; that all arrearage (temporary alimony) support payments be paid; and that medical and dental insurance coverage for Mrs. Allen be kept in force. Further, the decree directed the defendant to pay all medical, dental, and other bills incurred during the marriage, including a bill to Dr. Harold Diftler in the amount of $410.20 and a bill to Dr. Malcolm Cobb in the amount of $900.00; and to reimburse Mrs. Allen for certain bills she had previously paid, including a utility bill, a telephone bill, a garbage disposal bill, a water bill, and a doctor's bill.[6]

The Court further ordered the defendant to pay to the plaintiff Settlemire the sum of $1,000.00 as the attorney of record for Mrs. Allen, as part of her support and alimony. Allen has paid $160.00 of this amount, leaving a balance owing of $840.00.

The Court also directed that any cloud on the title of Mrs. Allen in a cabin which had

---

1. "Exceptions to discharge.

    "(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—

    .    .    .    .    .

    "(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of [both] spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—
    "(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or
    "(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support." 11 U.S.C. § 523(a)(5) (1978).

2. Id.

3. Id.

4. "Exceptions to discharge.

    "(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—

    .    .    .    .    .

    "(6) for willful and malicious injury by the debtor . . . to the property of another entity; . . . ." 11 U.S.C. § 523(a)(6) (1978).

5. In this Memorandum, the plaintiff, Mrs. Monday, will be referred to as Mrs. Allen.

6. These bills total $372.29 and have been paid by the defendant.

been owned by the parties be removed.[7] In the proceeding filed in this court, Mrs. Allen alleges that the defendant willfully and maliciously caused $1,500.00 in damage to the cabin property.

On November 15, 1979, Allen filed a petition in bankruptcy under Chapter 7 of the Bankruptcy Code. Thereafter, Mrs. Allen and Settlemire filed complaints asserting the nondischargeability of the debts heretofore set forth.

## II

Section 523(a)(5) excepts from discharge any debt to a spouse or former spouse for alimony, maintenance, or support, except "to the extent that such debt is assigned to another entity, voluntarily, by operation of law, or otherwise."

"This language [§ 523(a)(5)] . . . will apply to make nondischargeable only alimony, maintenance, or support owed directly to a spouse or dependent." H.R. Report No. 95–595, 95th Cong., 1st Sess. 364 (1977), U.S.Code Cong. & Admin. News 1978, pp. 5787, 6320.

.     .     .     .     .

"The purpose of this limitation is to prevent persons other than the debtor's spouse and children from obtaining this privileged status." Bankr.L.Ed., Debtor's Duties and Benefits, § 22.34.

A second exception contained in the Code is that, if the debt includes a liability which is designated as alimony, maintenance or support, but is not actually in the nature of such obligation, the debt is discharged.[8]

■ "What constitutes alimony, maintenance, or support, will be determined under the bankruptcy laws, not State law." H.R. Report, supra. Thus, the designation by the State court of an award, or the classification of a debt, as alimony, maintenance, or support, is not binding on the bankruptcy court. 3 Collier on Bankruptcy, § 523.15[1] (15th Ed. 1979).

The House Report states that cases such as *In re Waller*, 494 F.2d 447 (6th Cir. 1974), are overruled, and the result reached in cases such as *Fife v. Fife*, 1 Utah 2d 281, 265 P.2d 642 (1954) is followed. *In re Waller*, supra, involved an agreement incorporated in a divorce decree wherein the husband agreed to pay and indemnify and hold the wife absolutely harmless from all existing obligations. The bankruptcy court held that, since the agreement which was later incorporated into a divorce decree did not specifically designate such award as alimony, it was only a "property settlement" and therefore not within the exceptions to discharge under § 17a of the Bankruptcy Act. The district court affirmed. The Court of Appeals, however, held that it was not necessary that the divorce court specifically state whether an award which it makes to a wife is alimony. The court concluded that Waller's obligation to his former wife to pay and indemnify and hold the wife absolutely harmless from all existing obligations constituted alimony, maintenance, and support, and was a debt not dischargeable in bankruptcy.

In *Fife v. Fife*, supra, an order in a marriage annulment suit directed the defendant to pay certain creditors holding claims against property that was awarded to the plaintiff. The defendant failed to pay those creditors and was cited to show cause why he should not be held in contempt. On the day before the hearing, he filed a petition in bankruptcy and listed in his schedules the debts he had been ordered to pay. Some months later on plaintiff's petition which prayed only for contempt, he was again cited. He was not found in contempt but the court entered judgment against him in favor of the plaintiff for the amount she had been forced to pay creditors in the meantime. The court first pointed out that alimony was not a factor

7. The defendant had forged Mrs. Allen's name to a deed of trust and promissory note granting a security interest in the property to the United American Bank in Knoxville. The dischargeability of this debt was determined by this Court in adversary proceeding no. 3–80–0027, *United American Bank in Knoxville v. Allen* (1980).

8. 11 U.S.C. § 523(a)(5)(B).

in the case, since generally none was awardable in an annulment case, and then went on to hold that the judgment in favor of the plaintiff for the debts she had been forced to pay was not within the exception to discharge language of § 17a of the Act. The latter holding is apparently the "result" referred to in the House Report.

Although this Court is not bound by State law as to what constitutes alimony, support, or maintenance, it can look to State law to determine the purpose of such payments. Alimony has long been intended to provide for the maintenance and support of a spouse even after the end of the marital relationship. *White v. Bates*, 89 Tenn. 570, 15 S.W. 651 (1891). Factors to be considered include the earning capacity of each party and their age and health. *Stone v. Stone*, 56 Tenn.App. 607, 409 S.W.2d 388 (1966).

■ The record of the State court proceedings and the testimony adduced in this court fully support Mrs. Allen's assertion that the $50.00 weekly payments, both temporary and permanent, constitute an award of alimony, maintenance, and support, hence nondischargeable in bankruptcy. § 523(a)(5). Mrs. Allen was 53 years of age at the time of the divorce. She had been an invalid for about three years prior to the divorce and her income consisted primarily of $360.00 monthly from Social Security.

■ Mrs. Allen cannot prevail, however, as to the debts that the defendant was ordered to pay to Dr. Diftler and Dr. Cobb. Section 523(a)(5)(A) specifically excludes debts that are assigned to another entity, "voluntarily, by operation of law, or otherwise."

Nor can Mrs. Allen prevail as to other unspecified medical and dental bills incurred during the marriage which the defendant was directed to pay.[9] These obligations also fall within the exception of § 523(a)(5)(A) and the enunciated Congressional intent to overrule cases such as *In re Waller*, supra.

■ For the same reason the debt owing to the plaintiff Settlemire as attorney fee is within the exception, as is dischargeable in bankruptcy. The judgment in the State Court directed the defendant to pay the designated sum directly to the attorney, clearly a debt assigned to another entity.[10]

■ As to the alleged damage to the cabin awarded Mrs. Allen, the proof is wholly insufficient to establish (1) that there was any damage or (2) that the defendant was responsible for such damage if, in fact, any occurred.

## CONCLUSION

(1) The $50.00 per week payments to Mrs. Allen, including all arrearages, are alimony, maintenance, or support, and not dischargeable in bankruptcy.

(2) The debts assigned to all other entities, including the debts owing to Dr. Diftler and Dr. Cobb, are dischargeable in bankruptcy.

(3) The award of attorney fee assigned to plaintiff Settlemire is dischargeable in bankruptcy.

(4) Any debt arising from the alleged damage to the cabin is dischargeable in bankruptcy.

This Memorandum constitutes findings of fact and conclusions of law, Bankruptcy Rule 752.

---

**9.** The record is not clear whether there are any such debts.

**10.** "Entity" includes person, estate, trust, governmental unit. 11 U.S.C. § 101(14) (1978).