**In re Paul Daniel DRUMHELLER, Debtor.**

**Judith Elaine DRUMHELLER, Plaintiff,**

v.

**Paul Daniel DRUMHELLER, Defendant.**

Bankruptcy No. 4–80–00454.

Adv. No. 4–81–0002.

United States Bankruptcy Court, W. D. Kentucky.

Aug. 19, 1981.

James Tardio, Central City, Ky., for defendant-debtor.

Brent Yonts, Greenville, Ky., for plaintiff.

## MEMORANDUM AND ORDER

STEWART E. BLAND, Bankruptcy Judge.

This bankruptcy case comes before the Court on complaint of Judith Elaine Drumheller, by counsel, seeking a determination that certain debts owed by the debtor pursuant to a Decree of Dissolution of Marriage entered by the Muhlenberg Circuit Court, Muhlenberg County, Kentucky, on August 14, 1980, and subsequently reduced to a common law judgment entered by that Court on September 22, 1980, be declared nondischargeable pursuant to 11 U.S.C. § 523(a)(5)(B). Specifically, the debts and liabilities in issue relate to the dischargeability of court costs, attorney fees, a fuel oil bill, a debt on a piano, and an obligation to transfer a 1970 automobile to the plaintiff herein.

The facts as they pertain to the issues before the Court are as follows:

On August 14, 1980, the Muhlenberg Circuit Court entered a divorce decree dissolving the marriage of the plaintiff and defendant-debtor. That decree provided that the plaintiff be awarded various items of property, which included a piano and a 1970 Chevrolet Nova automobile. With the exception of the debt on the parties' mobile home, the defendant-debtor was directed to pay the costs of the action and the plaintiff's reasonable attorney fees. The decree further provided that the custody of the parties' three children was awarded to plaintiff, that defendant was to pay $125.00 monthly for support of the children, and additionally $125.00 monthly to the plaintiff for specific maintenance.

On September 2, 1980, the court awarded to the plaintiff's attorney a fee in the amount of $1150.00, and further assessed costs in the amount of $91.00. This order directed that the defendant-debtor pay the amounts because plaintiff "is not able to support herself through appropriate employment and because of the resources of the parties." Subsequently, on September 22, 1980, the Muhlenberg Circuit Court entered an order which converted certain debts owing under the divorce decree to a common law judgment in favor of the plaintiff.

The debtor filed a voluntary petition in bankruptcy on October 2, 1980, and listed plaintiff's attorney as a creditor pursuant to that petition.

The United States Bankruptcy Court has jurisdiction of the parties and the subject matter of this controversy pursuant to 28 U.S.C. § 1471.

Section 523(a)(5), 11 U.S.C. § 523(a)(5), provides in pertinent part:

A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt... (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) Such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or

(B) Such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support.

The commentary to this section of the Bankruptcy Code provides that "[p]aragraph (5) excepts from discharge debts to a spouse, former spouse, or child of the debtor for alimony to, maintenance for, or support of, the spouse or child. This language, in combination with the repeal of section 456(b) of the Social Security Act (43 U.S.C.

§ 656(b)) by section 327 of the bill, will apply to make nondischargeable only alimony, maintenance, or support owed directly to a spouse or dependent. (Citation omitted.) What constitutes alimony, maintenance, or support, will be determined under the bankruptcy laws, not State law." H.Rep.No.95–595, 95th Cong., 1st Sess., 364 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6320; See also *In Re Allen*, 4 B.R. 617, 6 B.C.D. 576, 577 (Bkrtcy.E.D. Tenn. 1980).

A bankruptcy court ". . . is not confined to a review of the judgment and record in a prior state court proceeding when considering the dischargeability of respondent's debt." *In Re Williams*, 3 B.R. 401, 1 C.B. C.2d 1086 (Bkrtcy.N.D.Ga.1980), citing *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979).

"Where parties characterize a debt as alimony, support or maintenance, the Court under the Bankruptcy Reform Act § 523(a)(5) must first determine if the debt is payable directly *to the spouse*; if it is not, then it is dischargeable no matter how the parties characterize it." *In Re Daiker*, 5 B.R. 348, 351 (Bkrtcy.D.Minn.1980).

■ A determination as to whether the debts sought to be found nondischargeable must satisfy a twofold test:

". . . that [the alimony, maintenance, or support] must be payable to a spouse, former spouse and/or child . . . [and] must be actually of the nature of alimony, maintenance or support." *Matter of Spong*, 3 B.R. 619, 1 C.B.C.2d 1104, 1107– 1108 (Bkrtcy.W.D.N.Y.1980).

■ Clearly, in the instant case, the attorney fees, court costs and debt on the fuel oil bill are not payable directly to the former spouse, and regardless of how the nature of those debts are characterized, these obligations are dischargeable in bankruptcy. As a further indication that these debts do not constitute maintenance is the provision in the decree and later order that specific maintenance is due plaintiff in the amount of $125.00 per month.

■ The rationale of the dischargeability of the above debts as not constituting maintenance applies likewise to the conclusion that the debt owing on the piano is not in the nature of child support. It may be noted that specific support payments are again provided for in the decree in the amount of $125.00 monthly. In the case *In Re Daiker*, supra, the Court held that debts incurred for the purchases of an automobile, furniture, gasoline, medical services and other household items during the marriage were not excepted from discharge on the ground that they constituted support. The state court had ordered the husband-debtor to assume all of the debts of the parties but did not order the amounts paid directly to the former spouse. The Bankruptcy Court found that this did not meet the statutory requirement that they be payable to the spouse in order to be nondischargeable:

"An obligation to hold a spouse harmless from certain debts may be considered an obligation subject to the nondischargeability provisions of § 523(a)(5), Bankruptcy Code, but whether it is or not must . . . be determined by the Bankruptcy Court within the framework of federal law and must be consistent with the fresh start goal of the Bankruptcy Act." At 351.

■ Regarding the issue relating to the 1970 Nova automobile, the facts as evidenced by the depositions filed in the record indicate that the Circuit Court awarded the vehicle to plaintiff, considering it to be an item of marital property. At the time of the award, the plaintiff had in her possession the other vehicle belonging to the parties, a 1978 Chevrolet Malibu. GMAC, the creditor holding the security interest in the Malibu, notified defendant that he was in default and that the vehicle would have to be turned over to them. It was agreed that the plaintiff would give up the rights in the Nova and the possession of the Malibu in exchange for a 1970 Chevrolet Impala automobile. The plaintiff accepted this arrangement and gained possession of the 1970 Impala and the bill of sale from the owners of that vehicle. The exchange was

entered into voluntarily by the plaintiff after consultation with and on advice of her counsel. Plaintiff is still in possession of the Impala. The Nova was subsequently transferred to the father of the defendant allegedly in payment of a past debt. From the facts in evidence, this Court fails to discern any fraud practiced upon the plaintiff in this regard, especially in light of the fact that the plaintiff had the advantage of legal advice.

This Memorandum and Order constitutes Findings of Fact and Conclusions of Law pursuant to Rule 752, Rules of Bankruptcy Procedure.

WHEREFORE, IT IS ORDERED AND ADJUDGED that the obligations owed by the defendant-debtor relating to the fuel oil bill, the piano, attorney fees and court costs be and are dischargeable in bankruptcy.