**In re William D. HARROD, Debtor.**

**Myrtle B. HARROD, Plaintiff,**

**v.**

**William D. HARROD, Defendant.**

Bankruptcy No. 3–81–00781.
Adv. No. 3–81–0246.

United States Bankruptcy Court,
W. D. Kentucky.

Jan. 15, 1982.

Phyllis Deeb Lohman, Louisville, Ky., for plaintiff.

Jack A. Wheat, Louisville, Ky., for defendant-debtor.

## MEMORANDUM AND ORDER

STEWART E. BLAND, Bankruptcy Judge.

This bankruptcy case comes before the Court on complaint of Myrtle B. Harrod, by counsel, seeking a determination that certain debts owed by the defendant-debtor pursuant to a Decree of Dissolution of Marriage entered by the Jefferson Circuit Court, Jefferson County, Kentucky, on or about November 12, 1980, be declared non-dischargeable pursuant to 11 U.S.C. § 523(a)(5). Originally, the debts in controversy included one for maintenance owing to plaintiff, and the contribution owed to plaintiff in the amount of $500.00 toward her attorney's fees awarded pursuant to the decree. By order of this Court dated July 15, 1981, those specific debts have been determined to be nondischargeable.

The issue before the Court, then, is a determination of the character and dischargeability of liabilities relating to court costs and the defendant's obligation of making payments on an automobile awarded to the plaintiff under the Decree of Dissolution.

The facts pertinent to the issue in question are uncontroverted and may be briefly recited as follows:

On or about November 12, 1980, the Jefferson Circuit Court, Jefferson County, Kentucky, entered a decree dissolving the marriage of plaintiff and defendant-debtor herein. The decree incorporated Findings of Fact and Conclusions of Law entered on October 22, 1980, resolving issues relating to the parties' pension plans, future maintenance, and awards of attorney's fees and costs.

Paragraph 4 of the decree awarded to the plaintiff a 1978 Ford Fairmont automobile with the defendant assuming and paying the indebtedness owed on this vehicle. The defendant was to hold the plaintiff harmless on this indebtedness.

Other debts were apportioned to the parties by paragraph 7 of the decree which provided that the plaintiff was responsible for a debt owed to Woolco and the defendant was liable for a Master Charge obligation and any other marital debt.

Paragraph 9 of the decree provides specific maintenance for the plaintiff in the amount of $50.00 per week for a period of two years. The October 22, 1980, Findings of Fact and Conclusions of Law explain the maintenance award in paragraph 2) as:

"This is a marriage of eleven plus years duration with no children. The wife was 37 years old at the time of marriage, so it is not reasonable to attribute any limitation on her ability to earn money to her having sacrificied [sic] her ability to develop earning skills to the marriage. The husband has a skilled occupation with gross pay of about $415 per week. The wife's pay is only $105 per week. We think that the husband's responsibility for maintenance should be limited to only a short time. We find no facts to justify requiring future support indefinitely, but only intend to impose maintenance for sufficient time so the wife can make a post divorce adjustment to her new financial circumstances. Respondent is ordered to pay $50 per week for two years."

Regarding attorneys fees and court costs the Findings and Conclusions state: "After a 50% each division of the net marital assets, each party will have an estate of their own, but the amount will be relatively small. We think that, considering both the relatives [sic] earning power and the post divorce estate, the husband should pay all the court costs...."

Subsequently, on March 20, 1981, the debtor filed a bankruptcy petition under the provisions of Chapter 7 of the Bankruptcy Code. Plaintiff filed a complaint seeking a determination that the debtor's obligations owed in the form of court costs and automobile payments owed to Citizens Fidelity Bank for the vehicle awarded to plaintiff pursuant to the divorce decree are nondischargeable as maintenance and support for the plaintiff.

The United States Bankruptcy Court has jurisdiction of the parties and the subject matter of this controversy pursuant to 28 U.S.C. § 1471.

Section 523(a)(5), 11 U.S.C. § 523(a)(5), provides in pertinent part:

A discharge under section 727, 1141 or 1328(b) of this title does not discharge an individual debtor from any debt. . . (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) Such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or

(B) Such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support.

■ The commentary to this section of the Bankruptcy Code provides that "[p]aragraph (5) excepts from discharge debts to a spouse, former spouse, or child of the debtor for alimony to, maintenance for, or support of, the spouse or child. This language, in combination with the repeal of section 456(b) of the Social Security Act (42 U.S.C. 656(b)) by section 328 of the bill, will apply to make nondischargeable only alimony, maintenance, or support owed directly to a spouse or dependent. *See Hearings*, pt. 2, at 942. What constitutes alimony, maintenance, or support, will be determined under the bankruptcy laws, not State law. Thus, cases such as *In re Waller*, 494 F.2d 447 (6th Cir. 1974), *Hearings*, pt. 3, at 1308–10, are overruled, and the result in cases such as *Fife v. Fife*, 1 Utah 2d 281, 265 P.2d 642 (1952) is followed. This provision will, however, make nondischargeable any debts resulting from an agreement by the debtor to hold the debtor's spouse harmless on joint debts, to the extent that the agreement is in payment of alimony, maintenance, or support of the spouse, as determined under bankruptcy law considerations that are similar to considerations of whether a particular agreement to pay money to a spouse is actually alimony or a property settlement. *See Hearings*, pt. 3, at 1287–1290." H.Rep. No.95–595, 95th Cong., 1st Sess., 364 (1977); see also *In Re Allen*, 4 B.R. 617, 6 BCD 576, 577 (Bkrtcy.E.D.Tenn.1980).

A bankruptcy court ". . . is not confined to a review of the judgment and record in a prior state court proceeding when considering the dischargeability of respondent's debt." *In Re Williams*, 3 B.R. 401, 1 CBC 2d 1086 (Bkrtcy.N.D.Ga.1980), citing *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979).

"Although this Court is not bound by State law as to what constitutes alimony, support, or maintenance, it can look to State law to determine the purpose of such payments." *In Re Allen, supra*, 4 B.R. 617, 6 BCD at 577.

"It is generally held that a property settlement agreement between spouses is dischargeable in bankruptcy where it is truly a property settlement and not an agreement for alimony, support, or maintenance. But where the agreement is substantially one for alimony, maintenance or support, it has been held or recognized that the obligation thereunder is not dischargeable in bankruptcy." *Cunningham v. Cunningham*, 497 S.W.2d 941 (Ky.1973), citing 9 Am.Jur.2d, *Bankruptcy*, § 793.

Where parties characterize a debt as alimony, support or maintenance, the Court under the Bankruptcy Reform Act § 523(a)(5) must first determine if the debt is payable directly *to the spouse* ; if it is not, then it is dischargeable no matter how the parties characterize it." *In Re Daiker*, 5 B.R. 348, 351 (Bkrtcy.D.Minn.1980).

In the case *In Re Daiker, supra*, the Court held that debts incurred for the purchases of an automobile, furniture, gasoline, medical services and other household items during the marriage were not excepted from discharge on the ground that they constituted support. The state court had ordered the husband-debtor to assume all of the debts of the parties but did not order the amounts paid directly to the former

spouse. The Bankruptcy Court found that this did not meet the statutory requirement that they be payable to the spouse in order to be nondischargeable:

> "An obligation to hold a spouse harmless from certain debts may be considered an obligation subject to the nondischargeability provisions of § 523(a)(5), Bankruptcy Code, but whether it is or not must ... be determined by the Bankruptcy Court within the framework of federal law and must be consistent with the fresh start goal of the Bankruptcy Act." At 351.

█ It is apparent from the foregoing that the court costs and the automobile payments are not paid directly to the former spouse, but are owing to third parties. However, this Court interprets *Waller, supra*, and *Fife, supra*, as essentially directed to the weight and reliance by the Bankruptcy Court on state court substantive domestic relations law and the designation by the state court of alimony, maintenance or support placed on individual provisions of a property settlement agreement, separation agreement or divorce decree when considering the question of nondischargeability.

Likewise, the literal language of this section of the Code must be examined in light of Congressional intent and purpose. The *Congressional Record*, 95th Congress, Vol. 124, No. 154, H 11096 (Sept. 28, 1978), states in part, "[i]f the debtor has assumed an obligation of the debtor's spouse to a third party in connection with a ... divorce proceeding, such debt is dischargeable to the extent that the payment of the debt by the debtor is not actually in the nature of alimony, maintenance or support of debtor's spouse, former spouse, or child." Considering the policy behind the dischargeability sections of the Bankruptcy Code while examining all the facts and circumstances of the parties involved such as relative income, age, health, etc., the Court is constrained in this matter to find that the award of court costs and the duty of making automobile payments imposed upon the debtor are actually in the nature of maintenance or support for the former spouse, and thus are nondischargeable in bankruptcy.

The Bankruptcy Court is a court of equity and endeavors to balance the competing interests of all parties while recognizing and furthering the policy behind the concept and purpose of the Bankruptcy Reform Act of 1978—to provide the debtor with a "fresh start". The Circuit Court has jurisdiction over enforcement of its orders through contempt proceedings as well as the award of attorney fees pursuant to that enforcement. It would be absurd for this Court to assert its jurisdiction in contravention of those orders by deciding matters such as costs or attorney fees relating to contempt proceedings. Therefore, in the instant case, this Court limits its finding to the question of dischargeability of certain obligations imposed upon the debtor under the divorce decree.

This Memorandum and Order constitutes Findings of Fact and Conclusions of Law pursuant to Rule 752, Rules of Bankruptcy Procedure.

WHEREFORE, IT IS ORDERED AND ADJUDGED that the court costs and automobile payments are actually in the nature of maintenance or support for the former spouse, and thus are nondischargeable in bankruptcy.