**In re Alan C. VAN VLEET, Debtor.**

**Barbara VAN VLEET, Plaintiff,**

**v.**

**Alan VAN VLEET, Defendant.**

**Bankruptcy No. 83–00582.**

**Adv. No. 83–0281.**

United States Bankruptcy Court,
M.D. Louisiana.

May 1, 1984.

Richard J. Reynolds, Baton Rouge, La., for defendant.

Charles E. Spedale, Baton Rouge, La., for plaintiff.

WESLEY W. STEEN, Bankruptcy Judge.

## I. JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1471, as amended, and Local Rule 29, United States District Court, Middle District of Louisiana, as amended. No party has objected to the jurisdiction of the Court.

## II. FACTS

The parties have stipulated the facts as follows:

(1) The Debtor and his wife Barbara Van Vleet were divorced on December 24, 1981;

(2) An order for alimony and child support was entered in favor of Barbara;

(3) The Debtor became delinquent in making those alimony and child support payments;

(4) About November 1982, Barbara engaged the services of an attorney to bring an action to collect past due alimony and child support;

(5) On November 3, 1982, the Common Pleas Court, Lucas County, Ohio, entered an order awarding to Barbara the sum of $8,257 in past due alimony and child support and $5,000 in "alimony arrearages for attorney fees...";

(6) On September 6, 1983, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code;

(7) On October 28, 1983, Barbara filed this adversary action to declare non-dischargeable the sums specified above.

## III. ISSUE NOT IN DISPUTE

All parties agreed at pretrial conference that the sum of $8,257 awarded as past due alimony and child support is not dischargeable.[1]

It is so adjudged.

## IV. ISSUE IN DISPUTE

The only disputed issue is whether the judgment against the Debtor for Barbara's attorney's fees is dischargeable.[2]

## V. THE LAW

The statutory authority is 11 U.S.C. § 523(a)(5).[3] Congress clearly intended alimony and child support to be nondischargeable; the difficult issue is whether attorney's fees associated with divorce are sufficiently akin to alimony so that a judgment for these fees also enjoys an exemption from discharge.

Virtually all of the cases note legislative history to the effect that the classification of debts as alimony is a federal question.[4] Having said so, the decisions then explore

---

**1.** 11 U.S.C. § 523(a)(5) provides:
"A discharge ... does not discharge an individual debtor from any debt—...
(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—
(A) such debt is assigned to another entity, voluntarily, by operation of law or otherwise...."

**2.** The cases cited to the Court and considered in connection with this decision are:
—holding that a debt for attorney's fees is dischargeable:
In re Allen, 4 B.R. 617 (Bkrtcy., E.D.Tenn., 1980);
In re Crawford, 8 B.R. 552, 7 B.C.D. 275 (Bkrtcy., D.Kan., 1981);
In re Drumheller, 13 B.R. 707 (Bkrtcy., W.D. Ken., 1981).
—holding that a debt for attorney's fees is not dischargeable:
In re Spong, Pauley v. Spong, 661 F.2d 6 (2d Cir., 1981);

In re Knabe, 8 B.R. 53 (Bkrtcy., S.D.Ind., 1981);
In re Dorman, 3 C.B.C.2d 497 (Bkrtcy., D.N. J.1981);
In re Wells, 8 B.R. 189 (Bkrtcy., N.D.Ill., 1981);
In re Demkow, 8 B.R. 554 (Bkrtcy., N.D. Ohio, 1981);
In re French, 9 B.R. 464 (Bkrtcy., S.D.Cal., 1981);
In re Lineberry, 9 B.R. 700 (Bkrtcy., W.D. Mo., 1981);
In re Whitehurst, 10 B.R. 229 (Bkrtcy., M.D. Fla., 1981);
In re Bishop, 13 B.R. 304 (Bkrtcy., E.D.N.Y. 1981);
In re LaFleur, 11 B.R. 26 (Bkrtcy., D.Mass., 1981);
In re Lang, 11 B.R. 428 (Bkrtcy., W.D.N.Y., 1981).

**3.** supra.

**4.** See especially In re Spong, 661 F.2d 6, 8; In re Wells, 8 B.R. 189, 191; In re Lang, 11 B.R. 428, 430; the lone case to the contrary is In re Pelikant, 5 B.R. 404, 406.

state law for guidance, reciting that law cannot be made in a vacuum.[5]

The cases also frequently recite that there is no federal law of domestic relations. That statement is true, but only so far as it goes. There certainly *is* federal law that determines whether a payment from a husband to a wife is alimony, child support, or in the nature of a property settlement. Under the Internal Revenue Code, alimony is deductible by the husband and is includable in the wife's gross income whereas child support and property settlement payments are not.[6] The classification of these payments as alimony or not is a federal question, only slightly related to state law.

If we were to turn to state law to decide this question, to which state law would we turn? Presumably Ohio law would apply in this case since that is where the obligation was adjudicated. Does the fact that the debtor now resides in Louisiana have any effect? Suppose that the debtor were a Louisiana resident when the judgment was rendered by the Ohio court where the wife resided: any different result? Why should the federal bankruptcy result differ depending on residence and migration of debtors and their spouses? Perhaps now we know why Congress intended the interpretation of § 523(a)(5) to be a federal question.

While it is certainly true that law cannot be made in a vacuum, it is equally true that we do not here have a vacuum; we have § 523(a)(5), its predecessors, prior case law, legislative history, and analogous federal law. Judging by the number of cases that have struggled with this issue since the 1979 effective date of § 523(a)(5), these sources of authority do not clearly dispose of the issue. But insufficiency is not the same thing as a vacuum; we should struggle with what we have rather than turn to state law in desperation.

In the absence of dispositive authority to decide this issue, a court should determine whether attorney's fees awarded a divorced spouse are sufficiently similar to family support obligations so that the fees are within the Congressional policy that the interest of the spouse in having these bills paid is superior to the interest of the debtor in obtaining a fresh start. The province of the bankruptcy court is the balancing of these competing interests. In doing so, the court has determinations to make that are different from the considerations of a state legislature or a state court in awarding fees in the first instance.

The *Spong* court concluded the interest of the divorced spouse was superior. The court cites two grounds for its conclusion: (i) a majority of state laws award attorney's fees to divorced spouses as an aspect of "support"; and (ii) *but for* these attorney's fees a spouse could not have obtained the "real" nondischargeable alimony; *i.e.*, the spouse could not have obtained the alimony without an attorney. The first ground would properly appear to require only a glance at state laws generally to be assured that the decision squares with prevailing legal understanding. The second basis is a determination that alimony and attorney's fees are inextricably intertwined.

A majority of the courts that have considered the issue have reached this result, albeit not always for these reasons. Thus, there appears to have evolved a "federal question" determination that for purposes of dischargeability in bankruptcy the attorney's fees awarded a divorced spouse are in the nature of support or alimony and thus are nondischargeable under 11 U.S.C. § 523(a)(5).[7]

---

**5.** *Id.;* see especially *In re Bishop*, 13 B.R. 304, 306; *In re Lang*, 11 B.R. 428, 430; *In re Lineberry*, 9 B.R. 700, 705.

**6.** Int.Rev.Code §§ 71, 215.

**7.** *I have serious reservations about whether there should be a blanket exemption of attorney's fees from discharge. My concerns are:*

(a) There is no bankruptcy court control over fee awards: attorney's fees are closely scrutinized in bankruptcy courts. The divorce court that makes the award has no reason to consider the debtor's competing "fresh start" interests. When there is an objection to the fee as overly generous or when it appears to be excessive on its face, the

The only courts that have reached the contrary result have done so on one of two technical grounds: "wrong payee" or "assigned claim."

Some of the courts that have considered this issue have held that the debt was dischargeable (*i.e.*, did not meet the § 523(a)(5) exception) because the debt was owed to the attorney and not to the spouse; these are the "wrong payee" cases.[8] § 523(a)(5) only exempts from discharge "debt(s)—to a spouse. . . ." When the debt was owed to an attorney, some courts have held that § 523(a)(5) does not apply. Apparently, Barbara's attorney had read these cases, because the court order meets this requirement, if indeed it is a requirement.[9]

In addition to these "wrong payee" cases, there are other cases concerned with whether the claim has been assigned.

§ 523(a)(5) provides that a claim is not excepted from discharge if it is assigned. Some courts have found that attorney's fees are "assigned claims" and thus are dischargeable. This result has been reached when the claim was held directly by the attorney;[10] the argument has been raised that there was a "constructive" assignment to the attorney when the fees were payable to the divorced spouse to compensate her for the attorney's fees but the courts appear generally to have rejected the argument.

The decisions in both the "wrong payee" and the "assigned claim" cases appear to this Court to be wide of the mark. If there is a policy that attorney's fees constitute "alimony and support" and are excepted from discharge by § 523(a)(5) because the various interests of the wife are superior to the husband's "fresh start" rights, then

bankruptcy court might have a serious problem. That issue has not been raised in this case.

(b) Usually a divorce court award of attorney's fees contains no allocation of fees between legal services attributable to "blame" litigation (*i.e.*, which spouse is at fault), fees attributable to property division, fees attributable to custody fights, or conceivably even fees awarded as "punishment" against a spouse at fault. If the Congressional purpose behind § 523(a)(5) was to avoid discharging support obligations to dependent spouses and children, it would appear that at least some of these hypothetical attorney's fees would not be sufficiently grave to deny the debtor a fresh start. *In re Spong* makes no such distinction and merely holds that a debtor's undertaking to pay his wife's legal bill falls within the definition of alimony and support, 661 F.2d 6, 9. This seems overbroad.

(c) The award of attorney's fees is usually a lump sum. The award of alimony and support is usually a periodic payment. If the debtor has no protection (such as a bankruptcy discharge) from an attorney with an executory judgment for a lump sum payment, then the debtor might well be hounded into economic oblivion, thus destroying his ability to make his periodic alimony and support payments. This could well defeat the paramount Congressional objective of protecting dependent spouses and children.

(d) The *Spong* case (and the other cases) assumes that if a discharge is awarded with respect to the husband's obligation to pay the wife's attorney fees, then the wife will be required to pay those fees and consequently

she will not be able to support herself. No doubt this is true in virtually all cases. It ignores the possibilities that:

(1) The wife has no personal liability to pay the attorney, or

(2) The wife has independent means to pay the attorney.

These concerns can adequately be addressed only by a structured statutory solution. *In re Lang*, 11 B.R. 428, 431 tries to deal with these problems with little success as does *In re Lineberry*, 9 B.R. 700, 704. Suffice it to say that there is no allegation of any of these issues in the case at bar, and consequently no resolution of them is required here.

8. *In re Allen, supra; In re Crawford, supra; In re Drumheller, supra. In re Lang*, 11 B.R. 428, 432 reaches an interesting conclusion. The debt to the attorney is discharged under the "wrong payee" holding; but the court holds that the wife is still liable to her attorney to pay his fees and that, "by indemnity or subrogation . . . (sic) [she] would succeed to her original rights. Thus, in her hands the obligation would remain nondischargeable.

9. The first court order did not. The December 24, 1981, order awarded ". . . $5,000 as partial expenses of suit to apply upon plaintiff's expenses herein. It is further ORDERED that said sum be paid through the office of plaintiff's counsel."

10. *In re Allen, supra; In re Crawford, supra; In re Drumheller, supra; contra In re Wells*, 8 B.R. 189, 192; *In re French*, 9 B.R. 464, 468.

whether the fees are payable directly to the attorney or indirectly to the attorney (via the divorced spouse) shouldn't matter. It would not be wise to hinge dischargeability on so flimsy a formalistic thread. *In re Spong* so holds; with that part of the decision I wholeheartedly agree.

## VI. DECISION

Attorney's fees awarded against a debtor and in favor of his divorced spouse are nondischargeable when the fees are reasonable, when there is no allegation that the fees relate to legal issues not strictly related to the divorce/support issues, and when it appears that discharging the debt might affect the dependent spouse's ability to support herself.

Judgment will be entered accordingly.