In re David K. SNIDER, Debtor.

Vernon B. HILL, Jr. & Ruben R. Pena, Plaintiffs,

v.

David K. SNIDER, Defendant.

Bankruptcy No. 85–00408–B3–5.
Adv. No. 85–0319–B1.

United States Bankruptcy Court,
S.D. Texas,
Brownsville Division.

June 12, 1986.

Baldemar Cano, Jr., Pharr, Tex., for debtor.

Ruben R. Pena, Jones, Galligan, Key & Pena, Weslaco, Tex., for plaintiffs.

## MEMORANDUM OPINION

MANUEL D. LEAL, Bankruptcy Judge.

The issue presented is whether the attorney's fees incurred by a former spouse in post-dissolution child custody litigation are non-dischargeable under 11 U.S.C. § 523(a)(5). Trial of this matter occurred

on March 7, 1986, both sides appeared through their attorneys, presented evidence and post trial memoranda of law.

This Court concludes after analyzing the facts of this case, that plaintiffs have met their burden in proving that the attorney's fees incurred were in the nature of child support and, as such, are non-dischargeable in the amount of $21,500.

## FACTS

Debtor David K. Snider was divorced from his former spouse, Karen Flores (Ms. Flores), by an agreed decree of divorce entered on October 30, 1978 in the 139th State District Court of Hidalgo County, Texas. The decree named Mr. Snider managing conservator of the couple's only child, John David Grey-Snider, with the mother named possessory conservator. The divorce decree also provided that the managing conservatorship would be automatically transferred to the child's mother if the debtor remarried, and "all costs of court expended in this action are adjudged against the Petitioner [David Snider] for which let Execution issue." Both spouses subsequently remarried. Ms. Flores commenced litigation to modify the prior divorce decree in order to be named the managing conservator of their child. A jury trial was commenced on January 3, 1984 which lasted ten days. The jury found

> from a preponderance of the evidence that the circumstances of JOHN DAVID GREY–SNIDER or DAVID K. SNIDER or KAREN GREY FLORES have so materially and substantially changed since the entry of the Divorce Decree of October 30, 1978, that the retention of the present managing Conservator, DAVID K. SNIDER, would be injurious to the welfare of the child, and that appointment of KAREN GREY FLORES as the new Managing Conservator would be a positive improvement for the child.

Exh.I.C. Order Modifying Court Decree in Suit Affecting Parent Child Relationship 2.03

The Court appointed Ms. Flores managing conservator and expressly stated

> 3.05. *Orders in Best Interest of Child:* The Orders of the Court, set forth below, are in the best interest of the child in this case

Included in the court's order were three provisions on attorney's fees. They stated

> 4.11. *Attorneys' Fees:* DAVID K. SNIDER shall pay directly to VERNON B. HILL, JR. and RUBEN R. PENA reasonable attorneys' fees in the sum of *$12,000.00*, to be taxed as costs. Said attorneys may enforce this Order for fees in their own names.

> 4.12. *Costs of Court:* Costs of court in this cause are taxed against Respondent, DAVID K. SNIDER.

> 4.13. *Appellate Fees and Costs:* In the event Respondent, DAVID K. SNIDER, appeals this cause, appellate fees and costs shall be taxed as follows:

>> a. *Appeal to Court of Appeals:* If this cause is appealed to the Court of Appeals, it is not carried by appeal or writ of error the Supreme Court of Texas, and Movant, KAREN GREY FLORES, prevails, David K. Snider shall pay directly to VERNON B. HILL, JR. and RUBEN R. PENA reasonable attorneys' fees in the sum of $5,000.00, and costs (including cost of transcript of trial) in the sum of $3,000.00, both of which awards may be enforced by said attorneys in their own names.

>> b. *Action by Supreme Court:* If the cause is carried subsequently to the Supreme Court of Texas by appeal or writ of error, and Movant, KAREN GREY FLORES, prevails, DAVID K. SNIDER shall pay directly to VERNON B. HILL, JR. and RUBEN R. PENA reasonable attorneys' fees in the sum of $1,500.00, which award may be enforced by said attorneys in their own names.

Debtor appealed this order to the 13th Court of Civil Appeals of the State Court which affirmed the ruling in favor of Karen Flores. Debtor then filed a writ of

error to the Texas Supreme Court which was dismissed on May 1, 1985.

Debtor, father possessory conservator, filed a petition under Chapter 11 of title 11 of U.S.C. on January 17, 1985. The case was converted to a Chapter 7 case by court order signed on February 27, 1986. On May 8, 1985 Vernon Hill, Jr. & Ruben R. Pena commenced this adversary proceeding styled a complaint to determine non-dischargeability of debt seeking a judgment that the $21,500. in attorneys fees incurred in the custody battle and expressly ordered by the state court were non-dischargeable under 11 U.S.C. § 523(a)(5). Debtor argues that the total amount of the fees are dischargeable or alternatively, that the fees for an appeal, costs of transcript and writ to the Texas Supreme Court are dischargeable.

### Jurisdiction

A threshold issue in any contested matter or adversary proceeding is the jurisdiction of the bankruptcy court. 28 U.S.C. § 1334 vests original and exclusive jurisdiction in the district courts of all cases under title 11. 28 U.S.C. § 157 provides that the district court may provide that all cases under title 11 shall be referred to the bankruptcy court. The Chief District Judge of the Southern District of Texas signed an order entitled Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc on August 9, 1984.

28 U.S.C. § 157(b) provides that the bankruptcy judge may enter final judgments in core proceedings and can submit proposed findings of fact and conclusions of law to the district court in a non-core related proceeding. Expressly included by Congress in the list of core proceedings are "determinations as to the dischargeability of particular debts." 28 U.S.C. § 157(b)(2)(I). Therefore, this Court has the power to enter a final judgment on the merits of the adversary proceedings.

■ 11 U.S.C. § 523(a)(5) provides that a debt is non-dischargeable if it is

(5) to a spouse, former spouse, or child of the debtor, for alimony to, mainte-

nance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or other order of a court of record, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a state or any political subdivision of such State); or

(B) such debt includes a liability designated as alimony, maintainance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

Dischargeability must be determined by the substance of the liability rather than its form. *Pepper v. Litton*, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939). The substance of the award must govern. *Erspan v. Badgett*, 647 F.2d 550, 555 (5th Cir.1981), *cert. denied*, 455 U.S. 945, 102 S.Ct. 1443, 71 L.Ed.2d 658 (1982). The crucial issue is the function the award was intended to serve. *In re Williams*, 703 F.2d 1055, 1057 (8th Cir.1983). Undertakings by one spouse to pay the other's debts including a debt to a lawyer for fees, can be support for bankruptcy purposes. The issue is "a question of fact to be decided by the bankruptcy court as trier of fact in light of all the facts and circumstances relevant to the intention of the parties." *Id.* at 1057–58. The bankruptcy court must decide each case upon its own facts and should determine the essence of the liability regardless of the label placed upon it by the parties. Ravin & Rosen, *The Dischargeability in Bankruptcy of Alimony, Maintenance & Support Obligations*, 60 Am.Bankr.L.J. 1, 9 (1986).

■ Whether a particular debt is a support obligation is a question of federal bankruptcy law, not state law. H.Rep. No. 595, 95th Cong. 1st Sess. 364 *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787,

6319. See also *In re Harrell*, 754 F.2d 902, 904–05 (11th Cir.1985) (Congress, by using the word "nature" to modify support evidenced an intent that bankruptcy courts should not be bound by state court rules); *In re Williams, supra* at 1057 (State law characterization is not binding on bankruptcy court); *Erspan v. Badgett, supra* at 555 ("[A] federal court, for purposes of applying the federal bankruptcy laws, is not bound to the label that the state affixes to an award.") However, the Second Circuit has stated that "Congress could not have intended that federal courts were to formulate the bankruptcy law of alimony and support in a vacuum, precluded from all reference to the reasoning of the well-established law of the states." *In re Spong*, 661 F.2d 6, 9 (2d Cir.1981). Based on this analysis, this Court will look to the principles of state law in its interpretation of support, alimony or maintenance but will rest its ultimate decision upon federal bankruptcy considerations which require a case by case analysis regardless of state court labels.

■ Plaintiff's Hill and Pena have the burden of proving by a fair preponderance of the evidence that a particular debt is non-dischargeable. *In re Bradford*, 22 B.R. 899 (Bankr.W.D.Okla.1982) Intertwined with this evidentiary requirement, is the basic principle of bankruptcy that exceptions to discharge must be strictly construed against a creditor and liberally in favor of a debtor so that the debtor may be afforded a fresh start. *Murphy & Robinson Inv. Co. v. Cross*, 666 F.2d 873, 880 (5th Cir.1982).

A majority of the cases decided under § 523(a)(5) have held that an obligation to pay attorneys' fees is so tied up with the obligation of support as to be in the nature of support and excepted from discharge. *In re Williams, supra* at 1057; *In re Spong, supra* at 9; *In re Gwinn*, 20 B.R. 233, 234 (9th Cir.B.A.P.1982). The *Spong* Court noted that an award of attorney's fees may be essential to a spouse's ability to sue or defend a matrimonial action and thus a necessary under the law. *In re*

*Spong, supra* at 9. The 8th Circuit found support in the record that the agreement to pay attorney's fees was intended as support because the spouse was in poor health and could not maintain her living expenses. *Williams supra* at 1057.

A case on point is *In re Laney*, 53 B.R. 231 (Bankr.N.D.Tex.1985). In that case, the Court held that attorney's fees awarded in custody litigation to a court appointed guardian ad litem were non-dischargeable because the debt was "incurred on behalf of the children and is clearly the sort of obligation parents normally owe to their offspring." *Id.* at 235. The Court determined that the debt was in the nature of support so as to make it non-dischargeable stating that any award in a divorce proceeding is "generally sufficiently connected to the core concern of the Code for protection of family obligations to except a reasonable fee for such services from discharge." *Id.*

■ Applying the reasoning of these cases to the facts of our case, the court must conclude that the attorney fee's are non-dischargeable. First, as in the *Laney* case, the debtor agreed to pay all costs of court in the original divorce decree. The order modifying the decree expressly orders the attorney's fees as costs and states that this order is made in the best interests of the child after the state court made an exhaustive evidentiary examination as to what was injurious to the welfare of the debtor's child. In our case, as in *Spong*, the award of attorney's fees is so intertwined with the issue of custody and child support that the parent would not have been able to carry out what was in the best interest of the child, as found by a unanimous jury verdict, if the attorney's fees were not awarded as part of the order. The Court finds support for this conclusion in the appellate decision of the Corpus Christi State Court which upheld the custody award. That court found that the attorney's fee award was proper under Texas Law and was well within the discretion of the trial

court. *Snider v. Grey*, 688 S.W.2d 602, 612 (Tex.Civ.App.—Corpus Christi 1985).

The family law of Texas provides that attorney's fees are to be awarded to effectuate the strong policy of protecting the child by providing both financial, emotional and spiritual support in the child's upbringing. *Holley v. Adams*, 544 S.W.2d 367 (Tex.1976) To that end, Tex.Fam.Code Ann. 14.07 provides that

> (a) The best interest of the child shall always be the primary consideration of the court in determining questions of managing conservatorship, possession, and support of and access to the child.

■ The Supreme Court of Texas has identified nine factors which the family court should focus on to determine the proper managing conservator. *Holley v. Adams, supra* at 371–72. These factors demonstrate that child support in Texas includes an inquiry into stability of the environment, as well as the emotional and physical danger to the child now and in the future. The order awarding the attorney's fees expressly stated that it was a necessary award for the best interests of the child. The appellate court decision made express findings that the change in managing conservatorship was in the child's best interest because of the inhumane treatment of the child by the then managing conservator. The attorney's fees which the mother incurred and were court ordered were necessary to protect the best interest of the child. Texas law holds that attorney's fees in a child custody matter are allowed as necessaries. *Drexel v. McCutcheon*, 604 S.W.2d 430, 434 (Tex.Civ.App.—Waco 1980). The policy behind this rule is enunciated in the leading case of *Schwartz v. Jacob*, 394 S.W.2d 15, when the court stated:

> We hold that under such circumstances the real parties-defendant, though not the formally named ones, were the children and the furnishing of counsel was the furnishing of necessaries to the minor children. The allowance of the fee is not to the divorced wife for services rendered her, but for services rendered by

the attorneys, at the instance of the mother, to the children.

> ... Food and clothing are but a small part of the things necessary to properly rear children. Education, cultural development, religious and ethical training are equally as important, if not more so. The obtaining of means to furnish them is necessary. Too, the kind of a home in which the children are reared and the persons with whom they daily associate are most important. Therefore, the matter of their custody is of utmost concern. ... The judgment ordered payment of attorney's fee to counsel by appellant. It is evident that the fee was for services in protecting the interest of the minors at the instance of the mother, and recovery was sought for the attorneys.

*Schwartz v. Jacob*, 394 S.W.2d 15, 21 (Tex. Civ.App—Houston 1965, writ ref'd n.r.e.) (citation omitted); See also *Burson v. Montgomery*, 386 S.W.2d 817, 819 (Tex.Civ. App.—Houston 1965) ("The real party at interest in such a case is not one of the named plaintiffs or defendants, but the child"). Any obligation which arises in the context of determining the "best interest of the child" in a post-dissolution custody proceeding is non-dischargeable for the issue of support is so intertwined with the statutory best interests of the child standard as to make them inseparable. This conclusion is supported by the *Laney* case when that Court stated "under Texas Law, virtually any decision with respect to the parent-child relationship is founded upon the court's evaluation of the child's best interest." *In re Laney, supra* at 233.

■ This result does not change because the attorney's fees were payable directly to the plaintiffs, rather than the spouse herself. Several early bankruptcy court cases determined that a debt was dischargeable because it was paid to an attorney directly either under a "wrong Payee" doctrine or the assignment exception. *In re Crawford*, 8 B.R. 552, 553 (Bankr.D.Kan.1981); *In re Allen*, 4 B.R. 617, 620 (Bankr.Tenn. 1980). However, each circuit court which has considered this question has followed

the *Spong* rule that a husband's undertaking to pay his wife's legal fees is a third party beneficiary contract which is not an assignment. *In re Spong,* 661 F.2d 6, 10 (2d Cir.1981). Both the Eighth and Ninth Circuit bankruptcy appellate panels have agreed. *In re Williams,* 703 F.2d 1055, 1057 (8th Cir.1983) ("Undertakings by one spouse to pay the other's debts, including a debt to a lawyer for fees, can be 'support' for bankruptcy purposes."); *In re Gwinn,* 20 B.R. 233, 234 (9th Cir.B.A.P.1982) ("A claim for attorney's fees awarded to the debtor's wife's attorney in a divorce action is nondischargeable... even though the debt was payable directly to the attorney.") Bankruptcy courts have followed this rule. *In re Laney,* 53 B.R. 231 (Bankr.N.D.Tex. 1985) *In re Van Fleet,* 39 B.R. 816 (Bankr. M.D.La.1984); *In re Paulson,* 27 B.R. 330 (Bankr.Tenn.1983). We agree with the above-cited cases that a debt payable directly to an attorney is non-dischargeable when the court determines that the obligation is in the nature of support.

The Court determines, after analyzing all the facts, that the custody and support issues, would not have been raised or defended without the benefit of counsel. The award of such an attorney's fees was expressly found to be in the best interest of their child in the order modifying custody. That order also awarded child support of $300. a month. Additionally, there was evidence introduced at the bankruptcy court trial that Mrs. Flores had exhausted all means of borrowing money in order to pursue the child custody trial. This Court is satisfied upon the evidence presented that all attorney's fees were in the nature of child support and were rendered by the attorney for the benefit of the child to carry out the statutory purpose of the Texas family law entitled "Parent-Child Relationship." In this case, the attorney fee award is so intertwined with the child support issues so as to make them inseparable when determining the dischargeability of a debt. Having reached that conclusion, the attorney fees are non-dischargeable.

Judgment shall be entered in accordance with this opinion.